SUCESIÓN DE JOAQUÍN RODRÍGUEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y el ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurridos.

Núm. 153.—*Sometido:* Diciembre 18, 1938. *Resuelto:* Febrero 14, 1939.

*Virgilio Brunet,* abogado de la recurrente; *Hon. Procurador General B. Fernández García, E. de Aldrey,* Procurador General Auxiliar y *Víctor J. Vidal González,* abogado éste del Fondo del Estado, abogados del Administrador de dicho Fondo.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El artículo 18 de la Ley de Compensaciones por Accidentes del Trabajo (Leyes de 1935, (1) págs. 251, 297)

obliga a ciertos patronos a asegurar sus obreros o empleados en el Fondo de Seguro del Estado. De conformidad con los términos del artículo 25 el Administrador del Fondo del Estado queda autorizado y facultado para tasar e imponer a tales patronos cuotas anuales determinadas con arreglo al importe total de los jornales pagados durante el año anterior. También dice que la recaudación de estas cuotas se hará por "semestres adelantados" y la forma en que se dispondrá del dinero así cobrado. Autoriza una prórroga de treinta días para el caso de que el patrono deje de pagar el importe total de las cuotas legalmente impuéstasle dentro del término que le señalare el Administrador. El pago "será un requisito indispensable para que el Administrador pueda darle efectividad a cualquier póliza de seguro." Cualquier patrono que con anterioridad al primero de julio o al primero de enero de cualquier año cesare de estar sujeto a las disposiciones de la ley "podrá excusarse del pago de cuotas para el semestre o semestres siguientes, dando el aviso y prueba que exigiere el Administrador del Fondo del Estado de que no estará sujeto a" tales disposiciones. Cualquier patrono sujeto a las disposiciones de la ley deberá pagar las cuotas para dicho semestre completo, mas puede tener derecho a ciertos reembolsos parciales. Hay un disponiéndose al efecto de "que en dichos casos los reembolsos podrán efectuarse a la terminación del semestre para el cual fueron pagadas dichas cuotas."

Según el artículo 27 "será deber de todo patrono el presentar al Administrador, no más tarde del día 15 de julio de cada año, un estado por duplicado, bajo juramento, expresando el número de trabajadores empleados por dicho patrono, la clase de ocupación o industria de dichos trabajadores y la cantidad total de jornales pagados a tales trabajadores o industria durante el año económico anterior." Las cuotas se computarán "sobre la suma total de jornales declarados en ese estado . . .; *Disponiéndose,* que todo patrono que empleare trabajadores de los comprendidos en

esta Ley por cualquier término o parte de un semestre, deberá presentar el estado por duplicado antes mencionado, bajo juramento consignando el número de obreros, o empleados ocupados, la clase de ocupación y los jornales calculados que serán satisfechos a dichos obreros o empleados y sobre esa suma se computará la cuota a pagar por el patrono, debiendo, al terminar el trabajo de estos obreros o empleados, presentar el patrono, un estado, bajo juramento, igual al anterior, con el importe total de los jornales pagados, sobre cuya suma se hará la liquidación correspondiente, y si esta nómina es mayor que la anterior, el Administrador tasará, impondrá y el Tesorero recaudará tal y como se dispone en esta Ley, sobre la diferencia cuotas adicionales en forma igual a la que anteriormente se dispone.'' Constituye delito menos grave el dejar de presentar dichos estados en las fechas así especificadas. ''Cualquier corte de distrito, a instancias del Administrador del Fondo del Estado, ordenará al patrono que presente los referidos estados en un término perentorio, y si no los presentare la desobediencia a dicha orden constituirá desacato y será castigada como tal.'' Los últimos dos párrafos del artículo 27 leen como sigue:

''El seguro de cada patrono por el Estado comenzará a regir inmediatamente después de que haya sido archivada en las oficinas del Administrador del Fondo del Estado su nómina o estado por duplicado, acompañado del importe de la cuota que corresponda al tanto por ciento de los jornales declarados en dicho estado, de acuerdo con los tipos fijados por el Administrador; *Disponiéndose,* que cualquier accidente que ocurra antes de verificarse el pago, será considerado como un caso de patrono no asegurado a menos que el patrono verifique el pago dentro del término fijado por el Administrador del Fondo del Estado, en los cuales casos el seguro empezará a regir desde la fecha en que el patrono archivó la nómina o estado, en la oficina del Administrador.

''Al recibir el pago del patrono, el Administrador del Fondo del Estado remitirá a dicho patrono el recibo de tal pago, el cual será prima facie prueba de dicho pago de las primas y del cumplimiento de dicho patrono con las disposiciones de esta Ley. Mientras no se haya hecho este pago por el patrono, dicho patrono no tendrá derecho

a las inmunidades provistas por esta Ley con respecto a las lesiones, enfermedades o muertes que pudieran ocurrir a los obreros o empleados de tal patrono durante el período que cubre el pago de dichas primas, y los obreros o empleados de dicho patrono no tendrán derecho a los beneficios que se concedan por esta Ley al sufrir tales lesiones, enfermedades o muerte; pero tendrán derecho a entablar contra el patrono aquellas reclamaciones de acuerdo con el procedimiento fijado en casos de patronos no asegurados.''

Un abogado en representación de la sucesión de Joaquín Rodríguez dirigió al Administrador del Fondo del Seguro del Estado una carta fechada el 18 de febrero, 1938, incluyéndole un certificado de depósito para abonarse al pago de la cuota correspondiente al segundo semestre del año fiscal 1937–38. En esta carta el letrado hacía constar que sus clientes no habían pagado las cuotas correspondientes al primer semestre debido a que durante dicho semestre el Administrador había declarado a éstos patronos no asegurados. Así pues, el Administrador se confrontó con la cuestión de si un patrono que no ha estado asegurado durante el primer semestre de un año fiscal y que no ha pagado la cuota correspondiente a dicho semestre, puede obtener seguro para el segundo semestre mediante el pago de la cuota de dicho segundo semestre solamente. El Administrador tomó el asunto bajo consideración y no envió el recibo a que se alude en el párrafo final del artículo 27 supra. En 28 de febrero ocurrió un accidente que fué prontamente notificado por la sucesión Rodríguez. La reclamación fué rechazada por el Administrador y su resolución fué confirmada por la Comisión Industrial. La sucesión Rodríguez solicitó entonces la reconsideración por los siguientes motivos:

(A) Porque la Comisión erró en la interpretación al sexto párrafo del artículo 27 de la ley al resolver que un patrono no puede asegurar a sus obreros por menos de un año.

(B) Porque transcurrido el primer semestre del año económico durante el cual el patrono no aseguró a sus obreros, el patrono, si violó la ley, puede sufrir las penas que determinan los artículos 16 y 17, pero la prima no puede ser cobrada sin dar efecto a la póliza.

(C) Porque al aceptar la prima pagada por el patrono para ser aplicada al segundo semestre, el contrato de seguro quedó perfeccionado.

(D) Porque la Comisión, al declararle patrono no asegurado y al condenar al patrono a pagar las indemnizaciones de los obreros y al disponer que en adición a las indemnizaciones el patrono debe pagar la cuota sin tener derecho a estar protegido por dicha póliza, privó al patrono de su propiedad sin el debido proceso de ley.

(E) Porque el Administrador del Fondo del Seguro del Estado al aceptar la prima del segundo semestre está impedido de alegar que no aceptó el pago de dicha prima y por tanto la póliza entró en vigor el 18 de febrero.

(F) Porque es errónea la resolución de la Comisión al resolver que las cuotas se imponen por anualidades y no por semestres.

(G) Porque la Comisión resolvió que el patrono, además de responder a los obreros directamente como patrono no asegurado debe pagar la prima correspondiente al año 1937–38, no obstante el hecho de que el Administrador no puede cobrar primas sin ofrecer protección.

La moción de reconsideración fué declarada sin lugar. El señalamiento de errores cubre sustancialmente los mismos fundamentos que la moción de reconsideración.

■ Convenimos enteramente con la Comisión en que no se presentó prueba satisfactoria sobre la aceptación del alegado pago de la prima para el segundo semestre. En su consecuencia no hubo contrato ni impedimento (*estoppel*).

■ También concurrimos en la conclusión a que llegaron el Administrador del Fondo del Estado y la Comisión al efecto de que (sujeto a la excepción relativa a patronos que emplean obreros temporalmente durante parte de un semestre en la forma dispuesta en el artículo 27) lo que la ley tiene por mira es una prima anual pagadera semestralmente, y que, cuando se trata de un patrono corriente que no emplea obreros periódicamente sino durante todo el año, el Administrador del Fondo no está autorizado para aceptar el pago de una prima de seguro que cubra tan sólo el segundo semestre de un año fiscal.

El alegato de la recurrente deja de convencernos de que la Comisión le condenó a pagar la suma especificada en el certificado de depósito o que se le privó de su propiedad sin el debido proceso de ley.

Cuanto hemos dicho más arriba decide el presente recurso. *Debe confirmarse la decisión de la Comisión Industrial.* El Juez Presidente Sr. Del Toro no intervino.