Ramón Montaner, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, etc., recurrida, y Manuel L. Miró, patrono, peticionario ante la Comisión Industrial.

Núm. 162.—*Sometido:* Enero 30, 1939. *Resuelto:* Marzo 29, 1939.

*Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar, y Víctor J. Vidal González,* Abogado éste del Fondo del Estado, abogados del recurrente; *G. Benítez Gautier* y *Jorge Benítez Gautier,* abogados del patrono, peticionario ante la Comisión Industrial; *M. León Parra,* abogado de la Comisión recurrida.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

El presente es un recurso de revisión interpuesto contra una resolución de la Comisión Industrial negándose a archivar un procedimiento radicado ante ella para revisar ciertas clasificaciones y primas de seguro. Los hechos, sustancialmente, son los siguientes:

A fin de preparar su proposición para un contrato titulado "Mejoras al Sistema de Distribución del Acueducto de Ponce", Manuel L. Miró consultó al Administrador del Fondo del Seguro del Estado respecto a la clasificación y prima de seguro que se aplicarían a tal proyecto bajo la Ley de Indemnizaciones a Obreros. Se le informó que el tipo sería el correspondiente a la clasificación núm. 7520, o sea $1.68 por cada $100 de sueldos pagados. Se adjudicó el contrato al contratista y en abril 26 de 1937 éste obtuvo la póliza núm. 8708 bajo el tipo y clasificación mencionados.

En mayo 19 de 1937 el Administrador del Fondo del Estado notificó a Miró que se había cometido un error en la expedición de la póliza y que la misma tendría que ser cancelada o alterada para ajustarla a la clasificación núm. 6319 con un tipo de 5.75 por ciento en vez de 1.68 por ciento. Esta controversia quedó resuelta satisfactoriamente hasta fines del año fiscal 1936–1937, o sea hasta junio 30 de 1937.

Al tenerse que renovar la póliza para el año 1937–1938, el Administrador del Fondo del Estado insistió en que el contrato de Miró caía bajo la clasificación núm. 6319, cuyo tipo se había aumentado a 10.51 por ciento. Como el patrono venía obligado a asegurar de acuerdo con los términos del contrato, pagó la prima para el primer semestre, ascendente a $3,678.50, bajo protesta. Aparentemente nunca ha pagado la correspondiente al segundo semestre. El contrato fué terminado en abril de 1938, y el 10 de junio del mismo año el patrono radicó una petición ante la Comisión Industrial de conformidad con la sección 24 de la Ley núm. 45 de 1935 (Leyes de ese año, pág. 251, 303, y siguientes) para que se revisaran la prima y clasificación aplicádasle por el Administrador del Fondo del Estado para el año 1937–1938. En esta petición el patrono levantaba las siguientes cuestiones:

(1) Que el Administrador del Fondo del Estado cometió error al incluir el contrato del patrono bajo la clave 6319 en vez de bajo la Núm. 7520;

(2) Que el administrador no tenía autoridad para hacer nuevas clasificaciones después del 1º. de mayo de 1937, de acuerdo con la sección 23 de la Ley de indemnizaciones a obreros;

(3) Que el Administrador no podía alterar los términos bajo los cuales se expidió la póliza original, puesto que desde ese momento surgió un contrato que duraba el mismo tiempo que el proyecto del peticionario;

(4) Que el Administrador abusó de su discreción al aumentar los tipos para la clase de trabajo envuelto en este caso; y

(5) Que el Administrador cometió error al imponerle al recurrente un nuevo tipo de 10.51 por ciento.

El abogado del Administrador del Fondo del Estado contestó y más tarde radicó una moción para que se desestimara el recurso basado en que la causa de acción del patrono había prescrito en parte y porque era académico en vista de los incisos 3 y 4 de la sección 24 de la ley. Esta sección lee así:

· "Artículo 24.—Las decisiones del Administrador fijando y regulando las primas para cada grupo de oficios o industrias y la clasificación de primas para regir cada grupo o industria en particular, o cualquier orden aumentando las primas a determinado patrono según se dispone en el artículo anterior, podrán ser revisadas por la Comisión Industrial de Puerto Rico de la manera siguiente:

"1. El patrono perjudicado podrá radicar en la Comisión Industrial de Puerto Rico en cualquier momento durante el año en el cual se hacen efectivas las decisiones del Administrador, una petición de revisión por dicha Comisión de las decisiones hechas por el Administrador con relación a los tipos o primas para uno o más oficios o industrias, dando los motivos por qué dichos tipos o primas debían enmendarse; y se requerirá que el Administrador comparezca y conteste dicha petición dentro del término de diez (10) días. La Comisión le dará preferencia al caso sobre los demás casos del calendario, y procederá a dictar su decisión final de acuerdo con las reglas que dicha Comisión haya promulgado.

"2. La revisión a que se hace referencia en el párrafo anterior no suspenderá en modo alguno el cobro de primas ni los efectos de ninguna otra disposición de esta Ley; ni tampoco expedirán las cortes autos de *injunction* prohibiendo el cobro de dichas primas o contribuciones mientras se esté revisando el caso.

"3. En caso que la Comisión resuelva en el sentido de rebajar la prima que el Administrador haya fijado para cualquier clase de oficio o industria, no se ordenará en ningún caso ni al Administrador del Fondo del Estado, ni al Tesorero de Puerto Rico, que devuelvan el exceso que se haya pagado en primas o contribuciones sino que dicho exceso, calculado desde la fecha en que se radique la petición, se descontará de las primas o contribuciones que hayan de recaudarse en el futuro a los patronos que hayan radicado las peticiones.

"4. En el caso que se modifique una clasificación por orden o decreto de la Comisión, según se dispone en la presente, el Administrador calculará nuevos tipos, primas o contribuciones en la forma que determine la Comisión para aquellos patronos que tengan obreros o empleados comprendidos en la clasificación o clasificaciones obje-

tadas; *Disponiéndose,* que dichos tipos, primas o contribuciones se calcularán desde la fecha en que se radicó la petición de revisión de la Comisión y sólo regirán hasta que termine el año económico a que pertenecía dicha clasificación o clasificaciones.

"Para poder llevar a 'cabo las disposiciones de este artículo, el Administrador del Fondo del Estado celebrará vistas públicas, antes del primero de mayo de cada año, en distintas poblaciones de la Isla, notificándolo a todos los patronos asegurados de manera que ellos puedan comparecer y alegar lo que deseen respecto a su derecho en conexión con dichas agrupaciones de oficios o industrias. Esta notificación deberá publicarse en dos periódicos de los de mayor circulación en la Isla.

"El Administrador del Fondo del Estado de igual modo tendrá derecho a cobrar individualmente a cada patrono en la misma industria, el porcentaje de primas que a su juicio sea más justo y un recargo adicional sobre las primas que él fije, cuando por no hacerse uso de aparatos de seguridad industrial, por mala administración o debido a otras razones que no puedan explicarse satisfactoriamente al Administrador, ocurra en la fábrica, establecimiento o sitio de trabajo de dicho patrono, una serie de accidentes fuera de toda proporción con el número corriente que ocurra en establecimientos, factorías o sitios de trabajo similares a los de otros patronos que se dediquen a la misma industria o negocio; y a tal fin, el Administrador queda por la presente autorizado para dictar las reglas que estime oportunas."

La Comisión Industrial, en una decisión fechada el 16 de diciembre de 1938, se negó a desestimar el recurso por opinar que había una importante cuestión envuelta respecto a si un patrono que asegura por el término de determinada obra no se encuentra en posición distinta, en lo que a las clasificaciones se refiere, a aquel que emplea y asegura obreros regularmente durante una serie de años sucesivos. La Comisión expone los hechos en forma algo distinta a como lo hace el peticionario. Aunque el recurrente dice en su petición que el Administrador, en mayo de 1937, no insistió en su contención de que la obra de Miró había sido clasificada erróneamente bajo la clave núm. 7520 en vez de bajo la núm. 6319, ni en cobrar $5.75 en vez de $1.68 por cada $100 de salarios, la Comisión aparentemente asume que lo cierto era lo con-

trario, puesto que procede a aprobar el derecho y poder del Administrador a corregir una clasificación efectuada bajo un supuesto error de hecho. Lo que la Comisión encuentra dudoso es si el Administrador, luego de corregir la clasificación en mayo de la clave núm. 7520 a la núm. 6319, *podía,* dos meses más tarde, aumentar la prima para la misma clasificación de $5.75 a $10.75 por lo menos en lo que se refería a obras especiales.

Somos del criterio que la duda expresada por la Comisión no es frívola y merece ulterior consideración. Si se resolviera el punto en favor del contratista, el caso no caería bajo la sección 24, supra, puesto que el recurso entonces no envolvería una revisión sobre los méritos de la clasificación o prima de seguro, sino el cumplimiento de un derecho contractual. La sección 24 quizá no cubriría claramente la situación, puesto que la controversia no se basaría en un error de apreciación por parte de la Comisión al computar o fijar las primas de seguro ni al efectuar la clasificación.

Sea ello como fuere, ha surgido suficiente duda en nuestras mentes respecto a las posibilidades de levantar cuestiones meritorias en este caso para que nos sintamos obligados a confirmar la decisión de la Comisión negándose a desestimar el recurso.

*Se confirma la resolución de la Comisión Industrial de 16 de diciembre de 1938, y se devuelve el caso para ulteriores procedimientos de acuerdo con la ley.*