MANUEL L. MIRÓ, patrono, peticionario ante la Comisión Industrial, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta de los Sres. M. LEÓN PARRA, Presidente, F. PAZ GRANELA y JUAN H. HERRERO, Comisionados Asociados, demandada, y RAMÓN MONTANER, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurridos.

Núm. 181.—*Sometido:* Diciembre 18, 1939. *Resuelto:* Febrero 14, 1940.

G. *Benítez Gautier* y *Jorge Benítez Gautier,* abogados del recurrente; *M. León Parra,* abogado de la demandada; *Hon. Procurador General Interino E. Campos del Toro, E. de Aldrey, Procurador General Auxiliar,* y *Víctor J. Vidal González,* abogado éste del Fondo del Seguro del Estado, abogados del Administrador del Fondo mencionado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Manuel L. Miró radicó una petición ante la Comisión Industrial solicitando se revisaran sus primas de seguro. El Administrador del Fondo del Seguro del Estado pidió la desestimación. Esta moción fué denegada por orden de la Comisión de fecha 16 de diciembre de 1938. El Administrador apeló y en marzo 29, 1939, este tribunal confirmó la orden y devolvió el caso para ulteriores procedimientos. Los hechos aparecen de la opinión emitida en dicho recurso. *Montaner* v. *Comisión Industrial,* 54 D.P.R. 561.

Posteriormente se celebró una vista y la resolución final de la comisión resolviendo definitivamente el caso fué dictada el 31 de agosto de 1939. Esta leía así:

"Comparando el contenido del 'Disponiéndose' del Art. 27 con lo estatuído en los Arts. 25 y 26, puede afirmarse sin temor a error, que el Legislador al enactar esta Ley contemplaba dos clases de patronos a asegurarse: aquellos que tienen establecido un trabajo regular, esto es, por años sucesivos; y la imposición de su póliza se rige por lo dispuesto en los Arts. 25, 26 y 27 hasta el primer 'disponiéndose' de este último. Y aquellos otros patronos que van a realizar trabajo por tiempo limitado, como constructores de un edificio, tendido de tuberías en una población para acueducto, o desagüe, etc., etc., cuya póliza se regula por el referido 'Disponiéndose' del Artículo 27.

"  .        .        .        .        .        .        .

"¿Pero qué ocurre cuando se trata de un patrono para un trabajo de tiempo limitado, ocasional, que tomó su seguro durante los

últimos meses de un año económico, bajo un tipo de prima determinado, la cual pagó según manda la Ley, y que para el nuevo año el tipo de esa prima es aumentado por así haberlo decretado el Administrador del Fondo del Estado? ¿Deberá este patrono, si aún no ha terminado el trabajo para el que se aseguró, someter a un reajuste la prima que pagó, y pagar la diferencia que supone el aumento del tipo de su prima para el nuevo año económico? Entendemos que no, porque nada dispone la ley a este respecto en la parte que trata del seguro temporal o accidental....

"En parte alguna de esta Sección del Art. 27 que acabamos de transcribir, que la Ley de Compensaciones por Accidentes del Trabajo dedica al seguro de los patronos de trabajos por tiempo limitado u ocasionales, se descubre que el Fondo del Seguro del Estado pueda cobrar a ese patrono, otro tipo de prima durante la realización del trabajo que aseguró, que el primitivamente señalado y cobrado; y después, que exista otro factor para la liquidación final, que no sea el tipo de prima cobrado al darse comienzo al trabajo, y el montante de los jornales realmente pagados una vez terminada la obra.

"....el Fondo del Seguro del Estado para liquidar esta clase de seguros, sólo tendrá dos factores: uno invariable, el tipo de prima que primitivamente se fijó y cobró al patrono que se asegura; y el otro, el montante de los jornales realmente pagados para la ejecución de la obra para la que se aseguró. Nada autoriza en ella para imponer a esta clase de patrono el gravamen que pretende el Fondo del Seguro del Estado, de cobrarle la diferencia entre el montante de su prima ya pagada, correspondiente al riesgo asegurado en el momento en que se asegura, y el tipo de la nueva prima que posteriormente dicho asegurador fijara al mismo riesgo, caso de aumentar aquél.

"Ahora bien, ¿a qué patronos puede considerarse como accidental, temporal u ocasional, para el efecto de ésta nuestra resolución? De la misma letra de la ley aparece que son tales, aquéllos cuyo trabajo por propia naturaleza no es permanente, o sea, de año tras año, y que su duración no alcance a un semestre. La ley en el 'Disponiéndose' que venimos examinando dice como sigue: 'Todo patrono que empleare trabajadores de los comprendidos en esta Ley, por cualquier término o parte de un semestre...etc.' Por consiguiente, cuando un patrono acude al Fondo del Seguro del Estado, a tomar un seguro para un trabajo determinado, que dada su naturaleza

no supone necesariamente un lapso de tiempo de un año para obtener el resultado final, y afirma que no ha de durar seis meses, este patrono tiene derecho a ser considerado por el asegurador como un patrono temporal, eventual u ocasional, y por lo tanto, comprendido dentro del referido Disponiéndose del Artículo 27 de la Ley.

"Pero si este trabajo durare más de seis meses entonces ya ese patrono ha de ser considerado como patrono permanente y serle aplicables las reglas o reglamentos existentes para los patronos de esa categoría, en cuanto a la imposición de la prima de su seguro se refiere.

"Como consecuencia de lo antes expuesto, resultando de la prueba practicada ante esta Comisión Industrial, que el trabajo realizado por el patrono Sr. Manuel L. Miró, asegurado bajo la clasificación 6319, duró desde mayo de 1937 hasta abril de 1938, o sea, más de seis meses, resolvemos que no es un patrono temporal u ocasional, y debe ser considerado a los efectos del tipo de prima a pagar por el trabajo que aseguró como un patrono permanente."

Esta resolución de la Comisión Industrial estaba suscrita por su Presidente Sr. M. León Parra y por el Comisionado Sr. Juan M. Herrero. El Comisionado Sr. F. Paz Granela disintió. El fué del criterio de que el Administrador no puede expedir una póliza que se extienda por un período mayor del año fiscal corriente; que antes de que él expida nuevas pólizas deberá revisar los tipos de primas y aumentarlos o rebajarlos según sea el caso; y que entonces ninguna póliza está en vigor.

El Fondo del Seguro del Estado solicitó la reconsideración. Esta fué denegada, mas toda vez que el Fondo no ha interpuesto recurso alguno, no es necesario discutir la cuestión.

El peticionario también solicitó la reconsideración. También le fué denegada. La contención del peticionario fué que cuando la ley dice "por cualquier término o parte de un semestre" las palabras "por cualquier término" son disyuntivas y no significan "parte de un semestre." La Comisión creyó que cuando la ley dice "cualquier término o parte de un semestre" significa copulativamente cualquier

"término o parte" de un semestre y no la interpretación disyuntiva sostenida por el peticionario.

El peticionario ha acudido en solicitud de un recurso de revisión y señala un solo error, a saber:

"La recurrida, Comisión Industrial de Puerto Rico, cometió un grave error de derecho al resolver que habiendo durado el trabajo del recurrente más de seis meses, no es, por esa razón, un patrono temporal u ocasional, y por lo tanto debe ser considerado a los efectos del tipo de prima a pagar por el trabajo que aseguró, como un patrono permanente."

■■ De la Ley de Compensaciones por Accidentes del Trabajo (Núm. 45 de 1935, (1) pág. 251) se verá que existen dos clases de patronos: permanentes y ocasionales. Los patronos permanentes que realizan la misma clase de trabajo año tras año remiten al Fondo del Seguro del Estado en o antes del 15 de julio de cada año, copia de la nómina total de sus negocios para el año fiscal anterior. El Administrador del Fondo clasifica los empleados de acuerdo con el trabajo que éstos ejecutan. Entonces, tomando como base la nómina anterior impone los tipos que ha fijado a las varias clasificaciones, asumiendo por el momento que la nómina para el siguiente año será exactamente igual a la del anterior. Al finalizar el año fiscal el Administrador una vez más tiene la nómina a la vista. Compara la del año anterior con la del presente. Cualquier diferencia que resulte a favor del Fondo le es cobrada al patrono. Si la diferencia es a favor de éste se le acredita en cuenta contra futuras primas. Y esta nómina además de servir de base para la liquidación del seguro que ha estado en vigor para el año que acaba de expirar, sirve nuevamente de base para el cobro de primas para el siguiente año.

El patrono temporero u ocasional se halla en posición distinta. Cuando se propone iniciar el trabajo acude al Administrador y le somete un estimado de los jornales por el tiempo que dure el trabajo. Se le imponen las primas.

Al terminarse el trabajo somete la nómina que en realidad ha pagado y se hace la liquidación.

De acuerdo con el contexto de la ley parecería que cuando un patrono ocasional toma una póliza ésta se extiende hasta el final del período requerido para terminar el trabajo. Sin embargo, en la práctica, el Administrador nunca expide una póliza que se extienda por un período en exceso del año fiscal corriente. Si el trabajo empieza en un año económico y continúa durante el siguiente, el Fondo expide una póliza que expira el 30 de junio y la misma es renovada por el tiempo del siguiente año fiscal que sea necesario.

La cuestión a dirimir en este caso es si al renovarse semejante póliza el Administrador del Fondo puede aumentar las primas de seguros. La Comisión resolvió que puede hacerlo cuando se trata de patronos permanentes; pero que no puede actuar de igual modo cuando se trata de patronos ocasionales. Decidió además que el peticionario no era un patrono ocasional puesto que su trabajo duraba más de un semestre.

El fallo de la Comisión fué que la frase "cualquier término o parte de un semestre" debía interpretarse en la siguiente forma: "término o parte" como que equivalía a una repetición, es decir, que la palabra "término" equivalía a "parte." Para la Comisión el vocablo "semestre" significa un período de seis meses. No estamos de acuerdo.

El primer párrafo del artículo 27 lee:

"Será deber de todo patrono, el presentar al Administrador, no más tarde del día 15 de julio de cada año, un estado por duplicado, bajo juramento, expresando el número de trabajadores empleados por dicho patrono, la clase de ocupación o industria de dichos trabajadores y la cantidad total de jornales pagados a tales trabajadores o industria durante el año económico anterior. Sobre la suma total de jornales declarados en ese estado será computada la cuota dispuesta en los artículos 25 y 26 de esta Ley; *Disponiéndose,* que todo patrono que empleare trabajadores de los comprendidos en esta

Ley por cualquier término o parte de un semestre, deberá presentar el estado por duplicado antes mencionado, bajo juramento consignando el número de obreros, o empleados ocupados, la clase de ocupación y los jornales calculados que serán satisfechos a dichos obreros o empleados y sobre esa suma se computará la cuota a pagar por el patrono, debiendo, al terminar el trabajo de estos obreros o empleados, presentar el patrono, un estado, bajo juramento, igual al anterior, con el importe total de los jornales pagados, sobre cuya suma se hará la liquidación correspondiente, y si esta nómina es mayor que la anterior, el Administrador tasará, impondrá y el Tesorero recaudará tal y como se dispone en esta Ley, sobre la diferencia, cuotas adicionales en forma igual a la que anteriormente se dispone.''

Con las palabras *''Disponiéndose,* que todo patrono que empleare trabajadores de los comprendidos en esta Ley por cualquier término o parte de un semestre, deberá presentar el estado por duplicado antes mencionado, bajo juramento . .'', como alega el peticionario, la Asamblea Legislativa quería significar que el informe por duplicado debía radicarse en cualquier ''término'', no importa su duración. La palabra ''término'' tiene su propia orientación y no equivale a parte de un semestre.

Por tanto, los vocablos ''termino o parte de un semestre'' tal cual han sido usados en la ley significan que si el trabajo dura el término de un año, o de seis meses, o menos, y ciertamente si se extiende a más de un año, el patrono ocasional está obligado a obtener el seguro. No pueden interpretarse como una limitación adicional impuesta al patrono ocasional. De ser así, ello crearía una confusión en la ley y ésta entonces tendría dos disposiciones contradictorias. El patrono ocasional, conforme hemos dicho antes, no es aquél cuyo trabajo es regular año tras año y cuyas nóminas son archivadas el 15 de julio de cada año, sino aquél que radica un estimado de su nómina al iniciar una obra que se liquida al ser terminada. La póliza no se le expide por el año fiscal sino por la duración del trabajo. Se desprende en su consecuencia que Miró es un patrono ocasional.

■ El fallo de la Comisión al efecto de que las primas impuestas al patrono ocasional no pueden ser aumentadas es correcto. El patrono ocasional presenta su estimado y el Administrador del Fondo le fija un tipo. Las primas son finalmente liquidadas tomando como base ese mismo tipo original al finalizarse el trabajo y al determinarse los jornales en realidad pagados. El hecho de que entre esas dos fechas el Administrador del Fondo decida aumentar o rebajar los tipos no debe afectar una póliza que continúa en vigor.

Podría ocurrir que se terminara un trabajo especial dentro del año fiscal y que el Administrador no pudiera aumentar los tipos. La posición de un patrono cuyo trabajo se extiende a través de un período que incluye el mes de julio no puede ser distinta.

Existe la costumbre, según hemos dicho, de expedir pólizas tan sólo hasta el 30 de junio, y de renovarlas entonces, aún en los casos de patronos ocasionales. Esa práctica es más conveniente para la administración del Fondo. Mas la ley dice que la póliza se extenderá desde el principio del trabajo hasta la terminación del mismo. Se trata tan sólo de una póliza, y el Administrador del Fondo, fraccionándola como lo crea conveniente, no la puede convertir en dos pólizas y variar sus condiciones originales. Como la orden de la Comisión que hemos transcrito anteriormente dice: ''En parte alguna de esta Sección del artículo 27 que acabamos de transcribir, que la Ley de Compensaciones por Accidentes del Trabajo dedica al seguro de los patronos de trabajos por tiempo limitado u ocasionales, se descubre que el Fondo del Seguro del Estado pueda cobrar a ese patrono, otro tipo de prima durante la realización del trabajo que aseguró, que el primitivamente señalado y cobrado; y después, que exista otro factor para la liquidación final, que no sea el tipo de prima cobrado al darse comienzo al trabajo, y el montante de los jornales realmente pagados una vez terminada la obra.''

*Deben revocarse en parte las resoluciones de la Comisión y dictarse sentencia al efecto de que el peticionario debe ser considerado como un patrono ocasional, y confirmarse en todos los demás extremos.*