RAMÓN MONTANER, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y ANGEL SUÁREZ HNOS., INC., patrono, peticionario ante la Comisión Industrial.

Núm. 223.—*Sometido:* Julio 15, 1941.  *Resuelto:* Agosto 2, 1941.

*Hon. Procurador General George A. Malcolm y Emilio de Aldrey,*
*Procurador General Auxiliar, y Víctor J. Vidal González,* abogado
del Fondo del Seguro del Estado, abogados del recurrente;
*Enrique Igaravídez,* abogado del patrono.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos de este caso, sobre los cuales no existe controversia, son como sigue:

La corporación Angel Suárez Hnos., Inc., ha estado desde el año económico 1935–36 asegurada en el Fondo del Seguro del Estado, en calidad de patrono permanente. En julio 15 de 1939 dicha corporación radicó con el Administrador del Fondo el estado demostrativo de los jornales pagados por ella desde julio 1, 1938, a junio 30, 1939. Tomando ese estado como base, el administrador hizo la liquidación de la póliza por el año 1938–39 y fijó e impuso a la corporación la cuota anual correspondiente al año económico 1939–40. En agosto 31, 1939, se notificó dicha tasación al asegurado, requiriéndole para que pagase el primer semestre en o antes de septiembre 10, 1939, y el segundo en o antes de enero 2, 1940. El pago del primer semestre no fué hecho hasta el día 24 de octubre de 1939, o sea un mes y catorce días con posterioridad a la fecha fijada por el administrador para verificar dicho pago. El administrador puso en vigor la póliza núm. 1327, a favor de Angel Suárez Hnos., Inc., desde la fecha en que recibió el pago del primer semestre, octubre 24, 1939. Antes de verificar el pago, en agosto 23, 1939, el patrono informó al administrador que uno de sus obreros había sufrido un accidente del trabajo; y el administrador, teniendo en cuenta que el premio no había sido aún pagado,

declaró que el accidente era uno de patrono no asegurado y cobró a la corporación la suma de $6.50 para cubrir dicho accidente.

Pagado el segundo semestre en enero 3 de 1940, el patrono, en mayo 20 del mismo año, dirigió una comunicación al administrador en la que le decía:

"Entiendo, desde luego, que habiendo mis clientes pagado la prima total para el semestre en cuestión (julio a diciembre, 1939) y habiendo también pagado el segundo semestre de enero a junio de este año 1940, tienen derecho, a tenor de las disposiciones de los artículos 24, 29 y otros relacionados, de la ley núm. 45 de 1935, a que se les acredite para el año próximo y reintegre la parte proporcional de la prima que correspondía al semestre de julio a diciembre, 1939, y que mis clientes mencionados pagaron en su totalidad, a pesar de que su cubierta contra accidentes del trabajo se fijó por ustedes a partir de la fecha de pago, octubre 24, 1939 (véase también *Miró v. Comisión Industrial*, 56 D.P.R. 127)."

Contestó el administrador que de acuerdo con su interpretación de la ley los patronos están obligados a pagar los accidentes que puedan ocurrir durante el tiempo en que estuvieren en descubierto en el pago de la prima, y también la prima tasada preliminarmente sobre el total de jornales que hubiese pagado al patrono en el año económico inmediatamente precedente.

La resolución del administrador fué apelada por el patrono para ante la Comisión Industrial, y ésta, en abril 18 de 1941, revocó la resolución recurrida y dictó otra declarando con lugar la petición de Angel Suárez Hnos., Inc., negándose más tarde a reconsiderar su fallo. No conforme el administrador, interpuso el presente recurso, y para sostenerlo alega que la comisión erró (1) al conceder al patrono el derecho a ser su propio asegurador durante todo el lapso de tiempo que medió entre julio 1 y octubre 24, 1939; (2) al sostener que conforme al artículo 25 de la Ley de Compensaciones por Accidentes del Trabajo un patrono tiene derecho a ser reembolsado de la prima del seguro, pagada durante un pe-

ríodo de tiempo en que no estuvo asegurado; y (3) al declarar que las disposiciones de la citada ley no establecen para un patrono que deja de pagar en tiempo las primas del seguro la obligación de pagar éstas y además, como penalidad, los costos y gastos de los accidentes ocurridos bajo su patronazgo durante el tiempo en que estuvo en descubierto. Los consideraremos conjuntamente.

La Ley de Compensaciones por Accidentes del Trabajo, aprobada abril 18, 1935, leyes de ese año, página 251, estableció en Puerto Rico un sistema de seguro compulsorio y exclusivo, para compensar a los obreros y empleados que sufran lesiones, se inutilicen o mueran como consecuencia de accidentes del trabajo. De acuerdo con el artículo 18 de la ley, todo patrono que emplee más de cuatro obreros, "estará obligado a asegurar a dichos obreros o empleados en el Fondo del Seguro del Estado la compensación que éstos deberán recibir por lesiones, etc." Si faltare a esa obligación incurrirá en *misdemeanor* (artículo 17).

El artículo 25 ordena al Administrador del Fondo que tase e imponga a todo patrono afectado por la ley *cuotas anuales* sobre el importe total de los jornales pagados por el patrono a sus obreros durante el año anterior a la imposición de las cuotas. El mismo artículo dispone que la recaudación de las cuotas se hará por *semestres adelantados,* y provee además:

"... *Si un patrono dejare de pagar* el total de las cuotas que le fueran impuestas legalmente *dentro del término que le señalare el Administrador,* éste podrá concederle una prórroga de treinta (30) días para que el patrono efectúe el pago, y *dicho pago será un requisito indispensable para que el Administrador pueda darle efectividad a cualquier póliza de seguro.*

" . . . . . . . .

"*Cualquier patrono sujeto a las disposiciones de esta Ley durante cualquier parte de un semestre deberá pagar las cuotas para dicho semestre completo,* teniendo derecho al reembolso, si lo hubiere, que se prescribe en el siguiente artículo; . . . ." (Itálicas nuestras.)

El artículo 26 determina el procedimiento que deberá seguir el administrador al finalizar cada año económico, para liquidar las pólizas y hacer un reajuste de las cuotas. Si la nómina del último año fuera menor que la del año anterior, que fué la que sirvió de base para la fijación y cobro de cuotas, el administrador reembolsará al patrono la diferencia; y en el caso contrario le cobrará la cuota adicional necesaria.

El artículo 27 dispone entre otras cosas, que el seguro de cada patrono comenzará a regir inmediatamente después del archivo de la nómina o estado por duplicado, "acompañado del importe de la cuota que corresponda al tanto por ciento de los jornales declarados en dicho estado, de acuerdo con los tipos fijados por el administrador"; y

"....*Disponiéndose*, que cualquier accidente que ocurra antes de verificarse el pago, será considerado *como un caso de patrono no asegurado a menos que el patrono verifique el pago dentro del término fijado por el Administrador del Fondo del Estado, en los cuales casos el seguro empezará a regir desde la fecha en que el patrono archivó la nómina o estado, en la oficina del Administrador.*" (Itálicas nuestras.)

Las precedentes disposiciones estatutarias son de tan perfecta claridad, que su aplicación a los hechos de este caso no ofrece dificultad alguna. El patrono radicó a tiempo, en julio 15, 1939, el estado de jornales y sueldos pagados durante el año económico anterior, 1938-39. El administrador en cumplimiento de su deber le tasó la cuota para 1939-40, y le concedió hasta septiembre 10, 1939, para el pago del primer semestre. El asegurado no solicitó prórroga del término señalado por el administrador, dejó expirar dicho término, y no pagó el importe del primer semestre hasta 45 días después de su expiración, o sea el 24 de octubre de 1939.

Considerando los hechos y circunstancias que hemos expuesto y las disposiciones legales a los mismos aplicables, debemos resolver y resolvemos: que siendo el pago de las cuotas dentro del término señalado por el administrador un requisito indispensable para que el administrador pueda

darle efectividad a cualquier póliza de seguro, la póliza en el caso de autos empezó a regir el 24 de octubre, 1939, cuando se hizo el pago del primer semestre; que habiendo ocurrido el accidente en 23 de agosto de 1939, antes de verificarse el pago del primer semestre de 1939–40, y no habiéndose verificado dicho pago dentro del término fijado por el administrador, el cual expiró en septiembre 10, 1939, dicho accidente es y debe ser considerado como uno de patrono no asegurado; y, por último, que el patrono no tiene derecho al reembolso que solicita, primero, porque de acuerdo con el artículo 25, supra, el pago de las cuotas debe hacerse por semestres completos, y, segundo, porque el único reembolso que el administrador está facultado para hacer es el que de acuerdo con el artículo 26 deberá hacerse al final de cada año para liquidar las pólizas y reajustar las cuotas.

El patrono en el presente caso pudo haber puesto en vigor su póliza desde la fecha de radicación de la nómina efectuando el pago de las primas dentro del término señalado por el administrador o de la prórroga que éste le hubiese concedido. No lo hizo así, y debe por tanto sufrir las consecuencias de su demora en hacer el pago.

*Debe revocarse la resolución recurrida y declararse sin lugar la petición.*

El Juez Asociado Sr. De Jesús no intervino.