SUCESORES DE JOSÉ GONZÁLEZ & CÍA., S. EN C., recurrente y peticionaria, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; FONDO DEL SEGURO DEL ESTADO, en la persona de su Administrador HON. RAFAEL DE J. CORDERO, recurrido, y BAUTISTA BERRÍOS, obrero lesionado.

Núm. 257.—*Sometido:* Diciembre 21, 1942. *Resuelto:* Enero 25, 1943.

*Genaro Cautiño Bruno,* abogado de la recurrente; *G. Atiles Moréu, A. de Jesús Matos* y *J. Correa Suárez,* abogados del Fondo del Seguro del Estado; *E. Tristani, Jr.,* abogado del obrero lesionado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Este caso se encuentra ante nos para que revisemos una resolución de la Comisión Industrial resolviendo que la recurrente era un patrono no asegurado de acuerdo con la Ley de Compensaciones por Accidentes del Trabajo, por el período comprendido entre el 1 de enero y el 16 de febrero de 1941. El accidente específico envuelto en este caso ocurrió el 21 de enero de 1941.

La recurrente, quien ha sido un patrono asegurado desde que la ley entró en vigor, pagó debidamente la prima o cuota correspondiente al primer semestre de su póliza para 1940-41. El primer semestre expiró el 31 de diciembre de 1940. Se le concedió a la recurrente hasta el 10 de febrero de 1941 para que pagara la prima correspondiente al segundo semestre, pero no efectuó dicho pago hasta el 17 de febrero.

Recientemente hemos resuelto que el pago de la prima correspondiente al primer semestre es un requisito indispensable para hacer efectiva tal póliza de seguro. *Montaner, Amor.* v. *Comisión Industrial,* 59 D.P.R. 396. Sin embargo, la recurrente insiste en que la ley contempla una póliza anual, para estar en vigor durante todo el año; que las primas son calculadas a base de nómina de pago anual; que después que radica su nómina de pago anual para el año anterior y se fija la prima tentativa, la póliza entra en vigor para todo el año al hacer la peticionaria el pago de la prima "inicial"; que el Administrador no está autorizado a dividir la póliza en dos pólizas semestrales; que la recurrente, habiendo hecho el pago "inicial" a tiempo, no puede declarársele un patrono no asegurado durante el segundo semestre; y que el hecho de que no se pagara la prima para el segundo semestre dentro del tiempo fijado por el Administrador del Fondo no afecta su póliza, siempre y cuando que dicho pago se hiciera finalmente.

No es necesario que discutamos el elaborado argumento de la recurrente al efecto de que la ley contempla una pó-

liza anual. El Administrador del Fondo admite tal punto. Véanse *Sucesión Rodríguez* v. *Comisión Industrial,* 54 D.P.R. 289, 293; *Miró* v. *Comisión Industrial,* 56 D.P.R. 127, 134. Pero el Administrador alega que, como resolvió la Comisión Industrial, "la ley contempla una póliza con vigencia anual . . . . pero fraccionada para su pago y aplicación en dos semestres, produciendo la falta de pago de cualquiera de las cuotas semestrales la suspensión de su efectividad".

Creemos que la posición de la Comisión es la correcta. El artículo 25 de la ley (Ley Núm. 45, Leyes de Puerto Rico, 1935, (1) página 251) dispone que "Si un patrono dejare de pagar el *total* de las cuotas que le fueran impuestas legalmente dentro del término que le señalare el Administrador, éste podrá concederle un prórroga de treinta (30) días para que el patrono efectúe el pago, y dicho pago será un requisito indispensable para que el Administrador pueda darle efectividad a cualquier póliza de seguro". (Bastardillas nuestras.)

Vemos, por lo tanto, que no existe disposición alguna para una póliza que será efectiva durante todo el año, al efectuarse el pago de solamente la prima "inicial". Por el contrario, existe un requisito inexorable para el pago de la cantidad "total" de las primas. Como el mismo artículo exige que "la recaudación de estas cuotas se hará por semestres adelantados", es claro que, a pesar de la disposición proveyendo una póliza anual, ésta se suspende por un semestre bajo ciertas condiciones, una de las cuales es la falta de pago a su debido tiempo de la prima correspondiente a dicho semestre. Los patronos debieran ser los últimos en alegar que no existe disposición para la suspensión de la póliza por un semestre. El propio artículo 25 confiere considerables beneficios a los patronos bajo el sistema de semestres, como sigue:

"Cualquier patrono que con anterioridad al primero de julio o al primero de enero de cualquier año cesare de estar sujeto a las disposiciones de esta Ley, podrá excusarse del pago de cuotas para

el semestre o semestres siguientes, dando el aviso y prueba que exigiere el Administrador del Fondo del Estado...

"Cualquier patrono sujeto a las disposiciones de esta Ley durante cualquier parte de un semestre deberá pagar las cuotas para dicho semestre completo, teniendo derecho al reembolso, si lo hubiere, que se prescribe en el siguiente artículo..."

Además, el párrafo 7 del artículo 27, al disponer la protección del patrono en lo que se refiere a lesiones sufridas "durante el período que cubre *el pago de dichas primas*" robustece nuestra conclusión de que la protección para cada semestre está predicada en el pago de la prima correspondiente a tal semestre.

Aparte del hecho de que la clara intención del estatuto es contraria a la contención de la recurrente, el permitir la práctica defendida por ella, pondría en peligro la solvencia del Fondo del Estado. Difícilmente pudo haber sido la intención de la Legislatura que en cualquier época con anterioridad al vencimiento del semestre, el patrono pudiera elegir libremente el determinar si deseaba protección que sería aplicable retroactivamente al principio del semestre. Bajo tal teoría ningún sistema de seguros podría sobrevivir por mucho tiempo.

Como este caso se rige por el lenguaje de nuestro estatuto, creemos innecesario distinguir el caso de *Bordson* v. *North Dak. Workmen's Compensation Bureau,* 191 N. W. 839 (N. D. 1923), en el que descansa la recurrente. Sólo queremos señalar que el peligro que se trató de evitar en el caso de *Bordson* puede y ha sido evitado en el presente caso mediante una decisión del Administrador y un embargo de la propiedad del patrono para garantizar la reclamación del obrero contra le peticionaria como un patrono no asegurado.

No podemos ver cómo el claro lenguaje del estatuto puede ser afectado por las estadísticas ofrecidas por la recurrente para demostrar que el 30 por ciento de los accidentes anuales en esa clase de negocio ocurren durante el primer semestre. A lo más, dicho argumento clama por adecuada acción legis-

lativa o administrativa que provea una mejor distribución de las primas basadas en riesgos ya conocidos. Ciertamente no nos obliga a resolver que un patrono puede dilatar el pago durante el segundo semestre hasta que suficientes accidentes hayan ocurrido que lo convenzan que conviene a su interés económico el obtener seguro retroactivo.

Tampoco la recurrente tiene derecho a alegar que estaba asegurada por lo menos desde el 1 de enero hasta el 10 de febrero, fecha en que expiró la prórroga concedídale para pagar la prima del segundo semestre. No habiendo cumplido con el requisito por el cual su póliza hubiera entrado en vigor desde el 1 de enero, su pago tardío podría solamente resultar en protección desde la fecha en que se hizo el pago. *Montaner* v. *Comisión Industrial,* supra, a la página 401.

■■ La recurrente alega finalmente que habiendo el Administrador del Fondo del Estado impuesto una cuota adicional para el año 1940–41 después de expirado el mismo y habiendo aceptado dicho pago después de haber recibido una carta de la recurrente al efecto de que el pago se hizo a condición de que si se aceptaba ello constituiría una aceptación por el Administrador de que su póliza había estado en vigor durante *todo* el año, el Administrador está impedido de alegar ahora que ella es un patrono no asegurado durante los primeros 48 días del segundo semestre. Sin que investiguemos si la doctrina de *estoppel* pueda ser invocada en esta clase de casos, existe una corta respuesta a esta contención. El artículo 25 dispone, como hemos visto, que excepto una posibilidad de reembolso que no tiene relevancia en este caso, un patrono sujeto a las disposiciones de la ley "durante cualquier parte de un semestre deberá pagar las cuotas de dicho semestre completo . . . ." *Montaner, Admor.,* v. *Comisión Industrial,* supra, a la página 401. En su consecuencia, estamos obligados a resolver que la recurrente era responsable por la prima adicional impuéstale, después de terminado el año aquí envuelto, sobre la base de protección

para todo el año. El Administrador actuó de acuerdo con la letra del estatuto al hacer caso omiso de la condición bajo la cual la recurrente pagó la prima adicional.

*La resolución de la Comisión Industrial será confirmada.*