CENTRAL CAMBALACHE, INC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

Núm. 293.—*Sometido:* Febrero 7, 1944. *Resuelto:* Marzo 31, 1944.

*Eduardo Pérez Casalduc,* abogado de la recurrente; *Joaquina Pérez Cordero, Ángel de Jesús Matos, Joaquín Correa Suárez* y *A. Sandín del Manzano,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La controversia aquí envuelta se halla ante nos por tercera vez (61 D.P.R. 8; 62 D.P.R. 486). Por primera vez el presente caso nos permite disponer en sus méritos de las cuestiones legales envueltas. Ya hemos sintetizado los hechos aquí envueltos como sigue (62 D.P.R. 487, 8): ''La

ahora recurrente, con anterioridad al 15 de julio de 1941, presentó al Administrador del Fondo del Seguro del Estado el estado por duplicado requerido por el artículo 27 de la Ley núm. 45 de 1935 ((2) pág. 251), contentivo del número de trabajadores empleados, clase de ocupación o industria a que fueron dedicados, y la cantidad total de jornales pagados durante el año económico anterior. El 28 de octubre de 1941 la recurrente recibió una comunicación de dicho Administrador notificándole la liquidación preliminar para el año económico 1941–42, montante a $9,543.72 semestrales, y fijando la fecha del pago del primer semestre para en o antes del 7 de noviembre de 1941. Dicha comunicación fué extendida en el impreso oficial preparado al efecto, hallándose en blanco la parte del impreso concerniente a la 'Liquidación Final'. En vista de esa circunstancia, la recurrente solicitó por escrito del Administrador que le prorrogase el término del pago de la liquidación preliminar, o sea el de la prima del primer semestre, hasta tanto el Administrador determinase la liquidación del año anterior. Contestó el Administrador que estimaba innecesaria tal prórroga, toda vez que la recurrente recibiría la liquidación final antes de expirar el plazo por él fijado, más los treinta días de gracia concedidos por ley, que vencerían el 7 de diciembre de 1941. Nada se decía en dicha comunicación con respecto al pago de la prima preliminar para el caso de que al vencimiento de los treinta días de gracia no se hubiese rendido por la recurrente la referida liquidación final. La recurrente, según alegó en la petición de *injunction* en el citado caso de *Central Cambalache* v. *Cordero, Administrador,* supra, interpretó que ella no venía obligada a pagar la prima preliminar mientras no recibiese la liquidación final y confió en que la recibiría antes del 7 de diciembre de 1941. Expirado dicho plazo sin recibirla, se dirigió al Administrador, inquiriendo las razones por las cuales no se le había enviado, contestando éste por telegrama que cursó en San Juan el 13 de diciembre de

1941, acusando recibo de su carta, notificándole que los treinta días de gracia habían vencido el 7 de diciembre y requiriéndole para que inmediatamente enviase su prima preliminar por hallarse su riesgo en descubierto. El 15 de diciembre la recurrente verificó el pago de la prima preliminar, no obstante lo cual el Administrador la declaró patrono no asegurado en todos los casos de accidentes del trabajo acaecidos desde el primero de julio hasta el 15 de diciembre de 1941.''

La Comisión, de conformidad con nuestras anteriores opiniones, oyó los numerosos casos aquí envueltos y permitió a la peticionaria adelantar varias contenciones de ley en cada caso. La presente es una petición para que se revise un resolución de la Comisión Industrial (disintiendo un Comisionado) dictada en estos casos negándose a ''acreditar al patrono Central Cambalache, Inc. aquella parte de la prima correspondiente al período de julio 1ro. a diciembre 15 de 1941, para ser abonada al pago de las compensaciones y gastos que dicho patrono viene obligado a pagar, montante a la suma de $13,845.56, por accidentes ocurrídoles a sus obreros durante el período antes indicado.'' La Comisión resolvió, en efecto legal, que la prima de $9,543.72, pagada por la peticionaria el 15 de diciembre para cubrir el semestre de julio 1 a diciembre 31, no podía ser devuelta o acreditársele a la peticionaria en todo o en parte, aun cuando la peticionaria había desembolsado la suma de $13,845.56 como resultado de haber sido declarada patrono no asegurado por el período desde el primero de julio al 15 de diciembre.

La peticionaria alega que este caso está controlado por el de *American Railroad Co.* v. *Comisión Industrial*, 61 D.P.R. 314; la Comisión resolvió que la regla establecida en *Montaner, Administrador* v. *Comisión Industrial*, 59 D.P.R. 396, es de aplicación aquí. Convenimos con la Comisión, en vista del hecho de que la peticionaria pagó la prima por el primer semestre antes de la fecha de vencimiento del mismo. Indudablemente para el patrono parece ser un severo resul-

tado el que después de pagar una prima de $9,543.72 que creyó era para todo el semestre de julio. 1 al 31 de diciembre, encontrarse que su actual póliza de seguro solamente cubre del 15 de diciembre al 31 de diciembre. Mas la sección 25 provee, y los casos de *Montaner* y *Am. Railroad* ambos sostienen el principio de que, el pago de una prima hecho durante el semestre debe ser en el total de la prima, no empece que bajo las circunstancias de este caso y las del caso de *Montaner* dicho pago cubre el riesgo solamente durante el período restante del semestre.

■ La peticionaria también somete la contención de que el Administrador está impedido debido a su conducta en este caso de oponerse a que se acreditaran los $9,543.72 a los $13,845.56 desembolsados por la peticionaria como patrono no asegurado. Resolvimos una contención algo similar en el caso de *Sucesores de J. González* v. *Comisión Industrial,* 61 D.P.R. 306, con el siguiente lenguaje (pág. 310):

". . . Sin que investiguemos si la doctrina de *estoppel* pueda ser invocada en esta clase de casos, existe una corta respuesta a esta contención. El artículo 25 dispone, como hemos visto, que excepto una posibilidad de reembolso que no tiene relevancia en este caso, un patrono sujeto a las disposiciones de la ley 'durante cualquier parte de un semestre deberá pagar las cuotas de dicho semestre completo . . .'. *Montaner, Admor.,* v. *Comisión Industrial,* supra, a la página 401. . . ."

Toda vez que la prima se pagó antes de la fecha de vencimiento del primer semestre y cubrió el remanente del mismo —no importa lo breve que fuere dicho período— el artículo 25 no nos deja alternativa excepto la de resolver que el Administrador puede bajo las circunstancias de este caso retener toda la cantidad de la póliza para el primer semestre.

*La resolución de la Comisión Industrial será confirmada.*