ATLANTIC PIPE CORPORATION, recurrente, *v.* FONDO DEL SEGURO DEL ESTADO, recurrido.

*Número:* CI-90-286         *Resuelto:* 17 de marzo de 1993

*José L. Arias Juárez*, abogado del recurrente; *José M. Hernández Luis* y *Magda Soto de Acosta*, abogados del Administrador del Fondo del Seguro del Estado; *José L. Verdiales Morales* y *José J. Santiago*, abogados de la Asociación de Industriales de Puerto Rico, *amicus curiae*.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Atlantic Pipe Corporation (en adelante Atlantic Pipe) solicita la revocación de la resolución de la Comisión Industrial (en adelante Comisión) que concluyó que la empresa era un patrono no asegurado para la fecha del accidente del obrero porque el Fondo del Seguro del Estado (en adelante el Fondo) no recibió el pago por concepto de la prima dentro del plazo correspondiente. La controversia de autos ha originado varias revisiones ante esta Curia y requiere unos pronunciamientos que aclaren la normativa aplicable. Confirmamos.

I

El 20 de octubre de 1987 Atlantic Pipe envió, por correo certificado con acuse de recibo, el pago de la prima correspondiente al primer semestre de 1987–1988. El plazo que se le concedió para ese pago expiraba el 21 de octubre de 1987 y fue recibido por el Fondo el 22 de octubre. En vista del incumplimiento de Atlantic Pipe con los términos de pago de la prima, el Fondo lo declaró un patrono no asegurado para los accidentes del trabajo ocurridos entre el 1ro de julio de 1987 y el 22 de octubre de 1987, mientras estuvo al descubierto.

Oportunamente, Atlantic Pipe acudió ante la Comisión Industrial y apeló las distintas decisiones del Administrador del Fondo. La Comisión determinó que el 20 de octubre

de 1987 Atlantic Pipe depositó en el correo el pago correspondiente al primer semestre de 1987–1988 y que el Fondo recibió y acreditó el mismo un (1) día después de que se venció el plazo fijado. Como el pago se recibió tardíamente, la Comisión concluyó que Atlantic Pipe era un patrono no asegurado durante el período de tiempo en que estuvo al descubierto y desestimó las apelaciones.

De esta resolución recurrió Atlantic Pipe y sostiene que la Comisión incidió al resolver que la empresa era un patrono no asegurado por razón de que el Fondo recibió, el 22 de octubre de 1987, el pago de las primas del seguro obrero después de la fecha de vencimiento fijada por el Administrador. Aducen que el pago se perfeccionó dentro del plazo fijado al depositarse en el correo el 20 de octubre de 1987.

Oportunamente, expedimos el auto de revisión y autorizamos a la Asociación de Industriales a comparecer como *amicus curiae*. Evaluada la comparecencia de todas las partes, confirmamos la resolución de la Comisión.

## II

El Art. 27 de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, dispone lo siguiente:

El seguro de cada patrono por el Estado comenzará a regir inmediatamente después de que haya sido archivada en las oficinas del Administrador del Fondo del Estado su nómina o estado acompañado del importe de la cuota que corresponda al tanto por ciento de los jornales declarados en dicho estado, de acuerdo con los tipos fijados por el Administrador; Disponiéndose, que *cualquier accidente que ocurra antes de verificarse el pago será considerado como un caso de patrono no asegurado a menos que el patrono verifique el pago dentro del término fijado por el Administrador del Fondo [del Seguro] del Estado, en los cuales casos el seguro empezará a regir desde la fecha en que el patrono archivó la nómina o estado, en la oficina del Administrador.* (Énfasis suplido.) 11 L.P.R.A. sec. 28.

■ De lo anterior se desprende claramente que el seguro gubernamental por accidente ocupacional comienza a regir únicamente después que se *archive* o se reciba en el Fondo la "nómina o estado acompañado del importe de la cuota" correspondiente y, además, la ley requiere que antes de que el seguro entre en vigor, el patrono tiene que verificar el pago "dentro del término fijado por el Administrador del Fondo del Estado". 11 L.P.R.A. sec. 28. El estatuto dispone, también, que hasta tanto no se efectúe el pago dentro de los términos fijados por el Administrador, el patrono no tendrá derecho a las inmunidades provistas por ley. *Montaner v. Comisión Industrial*, 59 D.P.R. 396, 400 (1941).

■ En *Am. Railroad v. Comisión Industrial*, 61 D.P.R. 314, 320 (1943), establecimos que cuando el patrono efectúa el pago correspondiente después de la fecha fijada por el Administrador, éste debe considerar al patrono como asegurado desde la fecha en que lo recibió. No obstante, también concluimos que "dicho pago no t[iene el] efecto retroactivo por haberse verificado después de vencido el plazo concedido por el Administrador, y consecuentemente, a *los efectos de los accidentes acaecidos antes del pago, debería* considerársele como patrono no asegurado". (Énfasis suplido.) Íd.

En su recurso ante nos, Atlantic Pipe sostiene que una vez se depositó en el correo, un día antes de la fecha de vencimiento fijada por el Fondo, el pago de $163,037.04 relativo al primer semestre del año póliza 1987–1988, la justicia y equidad requieren que se extienda la cubierta a la empresa por los accidentes ocurridos antes del término establecido. Su planteamiento ignora la letra clara de la ley, que dispone que el seguro rige solamente después que se recibe en el Fondo el estado correspondiente dentro de los términos fijados acompañado del importe requerido por el Administrador. Véase *Sucrs. de J. González v. Comisión Industrial*, 61 D.P.R. 306, 309 (1943).

■ No podemos olvidar que nuestra función interpretativa no puede devirtuar o menospreciar el lenguaje claro, so pretexto de cumplir con el espíritu de la ley. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14.([1]) *Clínica Juliá v. Sec. de Hacienda*, 76 D.P.R. 509 (1954); *Atiles, Admor. v. Comisión Industrial*, 77 D.P.R. 16, 20 (1954); *Silva v. Adm. Sistemas de Retiro*, 128 D.P.R. 256 (1991).

■ Para propósitos de la ley, el evento importante es el recibo del pago y no el momento en que el mismo se depositó en el correo. Lo determinante es si se recibe el importe dentro del término que fijó por el Administrador. De entenderlo procedente, corresponde a la Rama Legislativa y no a esta Curia enmendar la Ley de Compensaciones por Accidentes del Trabajo para hacer extender la cubierta de la ley a la fecha en que se depositó en el correo el pago correspondiente.

Es preciso señalar, a manera de ejemplo, que cuando un deudor utiliza el correo para el pago de una obligación contractual que exige el cumplimiento dentro de un término fijado, éste no tendrá el beneficio de ampliar dicho término por tres (3) días adicionales que le garantiza la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Banco de Ponce v. Barnés y D.A.C.O.*, 125 D.P.R. 526 (1990). En ese caso rechazamos la aplicabilidad de la mencionada regla cuando se trataba de obligaciones contractuales. Esto es, el deudor que utilice el correo se corre el riesgo de que su pago no llegue a tiempo, lo que acarrea, en estricto rigor jurídico, el incumplimiento de la obligación contraída.

Sería impropio, mediante *fiat* judicial, trastocar el andamiaje legislativo de la Ley de Compensaciones por Accidentes del Trabajo a los efectos de variar el momento en que entra en vigor la *póliza de seguro por el mero hecho de que el asegurado utilice el correo para hacer su pago*.

En el caso de autos, la Comisión resolvió que el patrono

---

([1]) "Cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu."

tenía *status* de patrono asegurado a partir de 22 de octubre de 1987, fecha en que se recibió el pago. Esta decisión aplica cabalmente las disposiciones del Art. 27 de la Ley de Compensaciones por Accidentes del Trabajo, *supra*, y la jurisprudencia citada anteriormente.

Por las razones anteriormente expuestas, *procede expedir el recurso de revisión y confirmar la resolución recurrida de la Comisión.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Negrón García se inhibió.