William Santiago Meléndez, peticionario, v. Superinten-
dente De La Policía De Puerto Rico y el Secretario De
Justicia De Puerto Rico, recurridos.

Número: CC-1999-08        Resuelto: 23 de junio de 2000

512

*Jane Hoffman Mouriño* y *Paquito Rivera Rivera*, de *Hoffmann & Asociados*, abogado de la parte peticionaria; *Carlos Lugo Fiol, Procurador General*, y *Sylvia Roger Stefani, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Nos corresponde determinar en qué momento es que comienza a decursar el término jurisdiccional de quince (15) días para instar una demanda de impugnación de confiscación, según dispuesto en la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723 *et seq.*

Examinada la letra clara del estatuto, así como nuestra jurisprudencia anterior, resolvemos que dicho término comienza a decursar a partir del momento cuando el peticionario recibe la notificación, cursada por el Estado, relativa al proceso de confiscación.

## I

En una intervención policiaca, la Policía de Puerto Rico ocupó al Sr. William Santiago Meléndez la cantidad de cuatro mil doscientos cincuenta y nueve dólares ($4,259). Además se presentaron denuncias contra el señor Santiago Meléndez por infracciones a la Ley de Sustancias Controladas. Celebrada la vista preliminar no se encontró causa probable para acusar.

El 1ro de diciembre de 1997 se le envió al señor Santiago Meléndez una notificación con acuse de recibo relativa al proceso de confiscación. Dicha notificación se envió

a la dirección que aparecía en el Formulario de Propiedad Ocupada firmado por el señor Santiago Meléndez. La correspondencia fue devuelta en tres (3) ocasiones distintas: el tres (3), cinco (5) y veinticuatro (24) de diciembre, con la impresión postal de correspondencia no reclamada (*unclaimed*).([1])

El 8 de enero de 1998, el señor Santiago Meléndez instó demanda de impugnación de la confiscación contra el Superintendente de la Policía y otros. El Procurador General solicitó la desestimación de la demanda, alegando que los quince (15) días jurisdiccionales dispuestos por ley para impugnar la confiscación comenzaron a decursar desde que le fue hecha la notificación el 1ro de diciembre de 1997. Por su parte, el señor Santiago Meléndez adujo que nunca recibió la notificación, por lo que no pudo comenzar a transcurrir el término jurisdiccional para instar la demanda de impugnación.

El Tribunal de Primera Instancia asumió jurisdicción y determinó que el término jurisdiccional para impugnar la confiscación comenzó a partir desde el último intento que se hizo para notificar al señor Santiago Meléndez; es decir, desde el 24 de diciembre, por lo que el 8 de enero de 1998, el señor Santiago Meléndez estaba en tiempo para instar la demanda de impugnación, por lo cual el tribunal *a quo* tenía jurisdicción para atender el caso.

Inconforme, el Procurador General acudió al Tribunal de Circuito de Apelaciones. El foro apelativo revocó la determinación de instancia al concluir que el Estado cumplió con su obligación de notificar la confiscación al depositar en el correo la notificación, dentro de los quince (15) días de la ocupación del objeto confiscado, mediante correo certificado con acuse de recibo. Estimó que la notificación he-

---

([1]) Como posible causa de la dificultad en la entrega, notamos que en la dirección que figura en la notificción enviada a Santiago Meléndez, el código postal era incorrecto.

cha fue fehaciente, aunque no la hubiese recibido el peticionario.

Oportunamente, el señor Santiago Meléndez acudió ante nos. Examinado el expediente, así como los argumentos de las partes, resolvemos.

## II

■ En nuestra jurisdicción la confiscación es el acto mediante el cual el Estado ocupa e inviste para sí toda · propiedad que sea utilizada en relación con la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación; esto, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las de juegos prohibidos, de bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, de vehículos y tránsito y de embarcaciones, así como en otras leyes. Art. 1 de la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988 (34 L.P.R.A. sec. 1723).

■ En Puerto Rico, el procedimiento de confiscaciones contenido en la Ley Uniforme de Confiscaciones de 1988 es de carácter civil o *in rem. E.L.A. v. Tribunal Superior*, 96 D.P.R. 843 (1969); véase, además, la Exposición de Motivos de la citada Ley Núm. 93 (1988 Leyes de Puerto Rico 409).

■ Independientemente de la naturaleza civil de la confiscación los estatutos confiscatorios deben interpretarse restrictivamente, ya que a pesar de tratarse de una acción de naturaleza civil, la forma en que es aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste, reflejan un propósito punitivo. La confiscación de los bienes se considera un elemento disuasivo para que una persona, por temor a exponerse al peligro de

perder su propiedad, limite su actividad delictiva o se dificulte su realización. *Pueblo v. González Cortés*, 95 D.P.R. 165 (1967); véase, además, la Exposición de Motivos de la Ley Núm. 14 de 10 de junio de 1993, enmendadora de la Ley Núm. 93, *supra*, 1993 Leyes de Puerto Rico 44.

Delineada la naturaleza y los propósitos que orientan nuestra Ley Uniforme de Confiscaciones de 1988, nos corresponde examinar a partir de qué momento es que debe de computarse el término jurisdiccional de quince (15) días dispuesto en ley para que el afectado pueda instar una demanda e impugnar la confiscación.

### III

La Ley Uniforme de Confiscaciones de 1988 dispone que la demanda de impugnación de la confiscación se presentará dentro de los quince (15) días siguientes a la fecha de la notificación del proceso de confiscación por el Estado. En este caso, el Procurador General sostiene que esa fecha la constituye el momento en que se deposita la notificación por correo. A *contrario sensu* el señor Santiago Meléndez sostiene que debe contarse a partir del momento cuando se le entregue la notificación.

El Art. 4 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723b) dispone que

[l]a notificación se hará en forma fehaciente, dentro de los quince (15) días siguientes a la ocupación, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.

Por su parte, el Art. 8 de la misma ley, 34 L.P.R.A. sec. 1723f, establece en lo pertinente, que

[l]as personas notificadas a tenor con lo dispuesto en este Capítulo podrán impugnar la confiscación *dentro de los quince*

*(15) días siguientes a la fecha en que se reciba la notificación* mediante la radicación de un demanda .... (Énfasis suplido.)

Es decir, de la letra clara de la ley se desprende que *el término de quince (15) días* jurisdiccionales, a partir del cual se considera que una persona afectada ha sido notificada en forma fehaciente de la confiscación, *se cuenta desde que la persona notificada recibió la notificación; es decir a partir de la fecha que surge del acuse de recibo de la notificación.*

■ En *García v. Tribunal Superior*, 91 D.P.R. 153 (1964), resolvimos, al amparo de la ley anterior de confiscaciones, Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960 (34 L.P.R.A. ant. secs. 1721–1722)[2] una controversia similar a la planteada en el caso de autos. En aquella ocasión determinamos:

La confiscación de un vehículo, cualquiera que sea su justificación en protección de la sociedad, no deja de ser una privación de la propiedad por la autoridad pública. El hecho debe quedar revestido de todas aquellas garantías que el debido proceso de ley requiere. Creemos que el estatuto por su texto concede dichas garantías. *Dispone que la notificación, punto de partida para el término de caducidad, se haga en forma "fehaciente", o sea, de manera que haga fe en juicio, de manera cierta, evidente, fidedigna e irrefutable. Dispuso también el Legislador que se entiende perfeccionada la notificación mediante su envío por correo con acuse de recibo. Dos son los elementos para el perfeccionamiento: —el envío por correo y acuse de recibo. No podemos estar de acuerdo en que basta el depósito en el correo para que se entienda perfeccionada la notificación. Si fuera así, resultaría enteramente superfluo lo de acuse de recibo, y el Legislador no hace cosas inútiles.*
*Estipulado por las partes que como cuestión de hecho la notificación puesta en el correo se le entregó al peticionario el 1ro. de*

---

[2] Dicha ley disponía que el funcionario bajo cuya autoridad se efectúe una confiscación notifique ésta "al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo". 34 L.P.R.A. ant. sec. 1722 (ed. 1971).

*Julio de 1963, ahí ocurrió el acuse de recibo, o sea, tuvo lugar el segundo factor del perfeccionamiento.* Otra interpretación de la Ley ante los hechos de este caso, aparte de alejarse de su texto, no respondería a la mejor tradición del derecho del peticionario a ser oído y a que se le venza en juicio antes de que se le prive de su propiedad, aun cuando esto sea por vía punitiva o como consecuencia de la comisión de delito. (Énfasis suplido y escolios omitidos.) *García v. Tribunal Superior*, supra, págs. 155–156.

Igual resultado se impone en el caso de autos, máxime cuando el Art. 8 de la citada ley, *supra*, dispone expresamente que procede la impugnación dentro de los quince (15) días siguientes a la fecha cuando se reciba la notificación.(³)

■  Al así resolver cumplimos con el principio de hermenéutica establecido en el Art. 14 de nuestro Código Civil, 31 L.P.R.A. sec. 14, el cual establece que: "Cuando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 D.P.R. 483, 504 esc. 35 (1999); *Depto. de la Familia v. Soto*, 147 D.P.R. 618 (1999); *Alejandro Rivera v. E.L.A.*, 140 D.P.R. 538 (1996); *Atlantic Pipe Corp. v. F.S.E.*, 132 D.P.R. 1026 (1993); *Meléndez v. Tribunal Superior*, 90 D.P.R. 65 (1964); *Román v. Superintendente de la Policía*, 93 D.P.R. 685 (1966).

Con esta interpretación reiteramos que cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. *Alejandro Rivera v. E.L.A.*, supra.

---

(³) No nos convence el argumento del Procurador General de que debe comenzar a decursar el término desde el momento que se deposita en el correo la notificación ya que el Estado no puede ser responsable de los actos de servicio del correo federal, sobre el cual no tiene control. Aplicando este mismo razonamiento entendemos que tampoco se le puede hacer responsable al señor Santiago Meléndez de las actuaciones del correo, sobre el cual tampoco tiene control. Santiago Meléndez sostiene que nunca recibió una notificación del correo federal de que había intentado entregar la carta que él estaba esperando.

## IV

En el caso de autos, el propio Procurador reconoce que del expediente no surge con claridad cuando fue que, en efecto, el señor Santiago Meléndez recibió la notificación. En vista de ello, no se puede establecer desde cuándo comenzó el término de quince (15) días para presentar la impugnación de la confiscación.

Incidió el Tribunal de Circuito de Apelaciones al determinar que dicho término comenzó a transcurrir a partir de la fecha en que por primera vez se envió la notificación y al desestimar la demanda por falta de jurisdicción.

Por los fundamentos anteriormente esbozados se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que asuma jurisdicción y dilucide la procedencia de la confiscación.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.