Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| UNIVERSAL INSURANCE COMPANY<br><br>Apelante<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br><br>Apelado | KLAN202400489 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2022CV00054<br><br>Sobre:<br><br>Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

-I-

Comparecen Universal Insurance Company y FirstBank (en conjunto la parte apelante) y solicitan que revisemos una Sentencia emitida el 17 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). En dicha determinación, el foro primario concluyó que toda vez que FirstBank no contaba con un gravamen inscrito previo a que la Policía de Puerto Rico ocupara cierto vehículo de motor, dicha entidad financiera carecía de legitimación activa para presentar la demanda de impugnación de confiscación ante su consideración. En consecuencia, desestimó la demanda.[1]

Surge del expediente que el 18 de enero de 2022 FirstBank presentó una demanda de impugnación de confiscación luego de que

---

[1] Véase 4-11 del apéndice del recurso.

el 19 de agosto de 2021 la Policía incautase un vehículo marca Toyota, modelo Corolla, tablilla IUA-198, año 2017, cuya adquisición había sido financiada por Firstbank.[2] Cabe destacar que al momento de la confiscación la institución bancaria no había inscrito su gravamen sobre el vehículo en el Departamento de Transportación y Obras Públicas, circunstancia que, conforme se consignara previamente, resultó determinante para el TPI en su Sentencia. Luego de que la parte apelante presentara una Moción de Reconsideración, la misma fue rechazada por el TPI mediante Resolución de 29 de abril de 2024.[3]

Inconforme, los apelantes comparecen ante nos formulando el siguiente señalamiento de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAROLINA (SIC), AL DETERMINAR QUE LA PARTE APELANTE NO POSEE LEGITIMACIÓN ACTIVA PARA PRESENTAR LA DEMANDA DE AUTOS.

En su discusión del señalamiento de error, la parte apelante argumentó que como acreedor del contrato de venta condicional, FirstBank tiene un interés propietario sobre el vehículo confiscado. En apoyo a su planteamiento, sostuvo que la Ley aplicable no requiere que cuando el interés propietario se derive de la existencia de un gravamen sobre un bien confiscado este tenga que constar inscrito en el Departamento de Transportación y Obras Públicas. A pesar del argumento anterior, también sostuvo que a FirstBank no se le notificó a pesar de tener su gravamen escrito. Además argumentó que la notificación de la confiscación al dueño registral se llevo a cabo a una dirección incorrecta, lo que redundaría en nulidad de la acción. Por último arguyó que, tomando como punto de partida las fechas en las que otras personas fueron notificadas de la

---

[2] La confiscación ocurrió por alegadas infracciones a las disposiciones de la Ley de Armas de Puerto Rico de 2020, Ley 168-2019, según enmendada, 25 LPRA sec. 461 y siguientes.
[3] Página 2 del apéndice.

confiscación, no podría concluirse que FirstBank presentó su demanda tardíamente.

Por su parte, la parte apelada, representada por la Oficina del Procurador General, sostuvo la corrección de la Sentencia. En síntesis, argumentó que toda vez que FirstBank no había solicitado la inscripción del gravamen sobre el vehículo antes de que el mismo fuera ocupado, no se le podía reconocer legitimación activa para instar la acción de impugnación de confiscación.

Consideradas las comparecencias de las partes, pasamos a resolver.

-II-

A través de la confiscación se le confiere al Gobierno el título de aquellos bienes utilizados para fines ilícitos al amparo de cualquier estatuto que así lo autorice. 34 LPRA sec. 1724f. En otras palabras, la confiscación es el acto mediante el cual el Estado se adjudica bienes que han sido utilizados para la comisión de determinados delitos. *Reliable Financial v. ELA*, 197 DPR 289, 296 (2017); *Reliable v. Depto. de Justicia y Otros*, 195 DPR 917, 924 (2016); véase también, *Doble Seis Sport TV v. Depto. Hacienda*, 190 DPR 763 (2014); *Rodríguez Ramos v. ELA*, 174 DPR 194, 202 (2008). En nuestra jurisdicción, el proceso de confiscación está regulado por la Ley Uniforme de Confiscaciones de 2011, según enmendada, Ley Núm. 119-2011, 34 LPRA secs. 1724–1724w (en adelante, Ley de Confiscaciones), la cual establece en su Artículo 2, como política pública del Estado Libre Asociado de Puerto Rico "el crear mecanismos que faciliten y agilicen el proceso de confiscación de bienes muebles e inmuebles." 34 LPRA sec. 1724 nota.

El proceso de confiscación es civil y de naturaleza *in rem* y va dirigido contra la propia cosa[,] la cual, por ficción legal, se considera la ofensora, y no contra su dueño, poseedor o encargado, o la persona con interés. *Reliable Financial v. ELA, supra*, a las págs. 296–297;

*Doble Seis Sport v. Depto. Hacienda, supra,* a la pág. 787; véanse, además: Exposición de Motivos (párr. 6) y el Art. 8 de la Ley de Confiscaciones, supra, 34 LPRA sec. 1724e. La referida Ley también reafirma que esta acción es independiente de cualquier acción de naturaleza penal, administrativa u otra naturaleza. 34 LPRA sec. 1724e.

La Ley de Confiscaciones en sus artículos 9 y 10 dispone sobre los bienes sujetos a confiscación, y detalla y aclara cuales bienes privados pueden ocuparse; quienes están autorizados para efectuar esta incautación y bajo qué circunstancias. El referido Artículo 9 establece que el Estado puede confiscar toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando estos se encuentren tipificados en el Código Penal de Puerto Rico y en diversos estatutos como, por ejemplo, la ley de sustancias controladas, de armas y explosivos, bebidas alcohólicas, etc. 34 LPRA secc. 1724f. Por su parte, el Artículo 10 establece en lo aquí pertinente:

> La ocupación de la propiedad, sujeta a confiscación, se llevará a cabo por la agencia del orden público o el funcionario a cargo de la implantación de la Ley por sí o por conducto de sus delegados, policías o agentes del orden público, mediante orden de un magistrado o Tribunal competente o sin previa orden del Tribunal, en los siguientes casos:
> a) Cuando la ocupación se efectúa mientras se lleva a cabo un arresto;
> b) cuando la ocupación se efectúa en virtud de una sentencia judicial; o
> c) cuando la propiedad a ocuparse haya sido utilizada, resulte o sea el producto de la comisión de cualquiera de los delitos, leyes o estatutos confiscatorios que se expresan en el Artículo 9 de esta Ley.

Por lo tanto, un agente de la Policía está autorizado para ocupar propiedad sujeta a confiscación sin previa orden de un Tribunal cuando la ocupación se realiza mientas se lleva a cabo un arresto y cuando dicha propiedad haya sido utilizada al cometer un delito tipificado en el Código Penal de Puerto Rico, entre otros estatutos.

Lo anterior constituye una excepción al mandato constitucional que prohíbe tomar propiedad privada para fines públicos sin justa compensación. *Coop. Seg. Múlt. v. ELA,* 180 DPR 655 (2011).

Sobre la naturaleza civil del proceso confiscatorio, nuestro Tribunal Supremo ha expresado que, "[i]ndependientemente de la naturaleza civil de la confiscación[,] los estatutos confiscatorios deben interpretarse restrictivamente ya que, a pesar de tratarse de una acción de naturaleza civil, la forma en que es aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste, reflejan un propósito punitivo". *Reliable Financial v. ELA, supra,* a la pág. 297; *Doble Seis Sport v. Depto. Hacienda, supra,* a la pág. 789; *Santiago v. Spte. Policía de PR,* 151 DPR 511, 515 (2000).

En lo relacionado a los vehículos de motor, el Tribunal Supremo ha resuelto que la confiscación de un vehículo constituye una privación de la propiedad que obliga al Estado a cumplir con las garantías mínimas del debido proceso de ley. *Reliable v. Depto. Justicia y ELA, supra,* págs. 924–925; *Santiago v. Spte. Policia de PR, supra,* a la pág. 517. La notificación adecuada es uno de los preceptos del debido proceso de ley en su modalidad procesal. Íd. En torno a la confiscación, el vigente esquema normativo establece un procedimiento expedito con requisitos estrictos aplicables tanto al Estado, como a las partes con interés en los bienes confiscados. El Gobierno cuenta con un periodo de notificación limitado para poder validar su actuación. *Reliable Financial v. ELA, supra,* a la pág. 298.

En este contexto, el Art. 13 de la precitada Ley preceptúa la manera en que se debe notificar el hecho de la confiscación. Este dispone, en lo pertinente a la controversia de autos, lo siguiente:

El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad a las siguientes personas:
. . . . . . . .
c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de

Transportación y Obras Públicas y al acreedor condicional que a la ocupación tenga su contrato inscrito.

. . . .

Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.
. . . .

En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" . . . , la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado.
. . . .

En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. 34 LPRA 1734j (citas omitidas).

Según expresado por nuestro Tribunal Supremo, la descrita notificación tiene el propósito de salvaguardar los derechos constitucionales de una parte interesada en la propiedad confiscada, de manera que se le pueda brindar la oportunidad para que presente y pruebe todas las defensas válidas pertinentes a su reclamo. *Reliable v. Depto. Justicia y ELA, supra*, a la pág. 925; véase también, *López v. Secretaria*, 162 DPR 345, 352 (2004).

Como norma general, se debe cursar la notificación dentro de los treinta días siguientes a la ocupación de la propiedad. *Reliable Financial v. ELA, supra*, a la pág. 299. En cuanto a la posibilidad de impugnar la confiscación, el Art. 15 de la Ley Núm. 119-2021, 34 LPRA sec. 1724l, dispone lo siguiente:

Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos

términos son jurisdiccionales. El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todos los casos de impugnación de confiscación y formulará sus alegaciones dentro de los treinta (30) días de haber sido emplazado. La demanda deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior. El Tribunal tramitará estas demandas de manera expedita y los procedimientos se celebrarán sin sujeción a calendario.

También, dispone que existe una presunción de legalidad en la confiscación, por lo que el peso para rebatir tal presunción descansa sobre la parte demandante. Art. 15 de la Ley 119-2011, *supra.* Adicionalmente, y luego de la presentación de la demanda y la oportuna contestación a la misma, será necesaria la celebración de una vista sobre legitimación activa que tiene como propósito establecer si el demandante ejercía el dominio y control sobre la propiedad confiscada previo a los hechos que motivaron la confiscación. Íd. De no cumplir con tal requisito, el Tribunal ordenará la desestimación inmediata del pleito. Íd.

Por último, mediante la Ley Núm. 262-2012, se enmendó el precitado Artículo 15 de la Ley 119-2011, *supra*, a fines de aclarar con precisión quiénes se entenderán dueños durante el procedimiento de confiscación. Esto para salvaguardar el derecho constitucional a que no se le prive de su propiedad sin el debido proceso de ley. Véase, la Exposición de Motivos de la Ley Núm. 262-2012. Así pues, para fines de esta legislación se considera dueño:

Una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. Sección 1 de la Ley Núm. 262-2012, 34 LPRA sec. 1724(l).

-III-

Tal y como fuera señalado previamente, en el caso ante nuestra consideración se recurre de la determinación del foro primario de desestimar la demanda presentada por la parte apelante tras concluir que FirstBank no contaba con un gravamen inscrito previo a que la Policía de Puerto Rico ocupara el vehículo de motor objeto de la

controversia, por lo que según el TPI dicha entidad financiera carecía de legitimación activa para presentar la demanda de impugnación de confiscación ante su consideración. Considerada la totalidad del expediente y el estado de derecho aplicable, consideramos que actuó correctamente el TPI.

La atención del señalamiento de error planteado requiere que evaluemos si la parte apelante cumplía con los criterios que le concederían legitimación para impugnar la confiscación. Tanto en el momento en que se ocupó, así como en el momento en que se notificó la confiscación del vehículo, la parte apelante no había efectuado ningún trámite conducente a la inscripción de gravamen alguno a su favor. Ello tiene como resultado que cuando el 22 de septiembre de 2021 se ordenó la confiscación del vehículo, dicha parte no podía ser considerada -ni la parte apelada tenía forma de así conocerlo ni adivinarlo para así considerarla-, como titular de un algún derecho sobre el vehículo al momento de la ocupación. De hecho, no es hasta el 26 de octubre de 2021 que FirstBank presentó ante el Departamento de Transportación y Obras Públicas su *Declaración de Financiamiento y Solicitud de Anotación de Gravamen Sobre Vehículos de Motor o Arrastes.*[4]

Por si fuera poco, en el presente caso no es sino hasta el 18 de enero de 2022 que la parte apelante presentó su demanda de impugnación de confiscación, fuera del término de los 30 días que concede el Artículo 15 de la Ley 119-2011 para presentar ese tipo de recurso, aunque ciertamente, debido a los hechos antes consignados sobre la ausencia de gravamen inscrito al momento de la confiscación, no se le tenía que notificar la misma, por lo que podría argumentarse que dicho término no podía transcurrir. Ahora bien, consideramos que resolver y reconocer legitimidad a la parte apelante

---

[4] Íd., pág. 46.

con el cuadro fáctico expuesto tendría el efecto de que titulares de créditos personales que inscriban sus gravámenes en una fecha posterior a la incautación posean una acción legitimada para impugnar la misma, incluso luego de transcurridos los términos legalmente dispuestos para otros titulares afectados por dichos procedimientos. Ello impondría una carga onerosa sobre el Estado y podría generar incertidumbre sobre cuando podría culminar este tipo de proceso, el cual como ha establecido en la discusión del derecho aplicable procura ser uno expedito.

Por último, respecto a la notificación incorrecta al dueño registral del vehículo, tampoco le asiste la razón al peticionario. Y es que tal como requiere la normativa aplicable la confiscación se notificó a quien al momento de la confiscación surgía como titular registral del vehículo, el Sr. Alexandro Milete Méndez, quien firmó la tarjeta de acuse de recibo provista por el Servicio de Correo.[5] Surge también del expediente que la Junta de Confiscaciones también notificó la confiscación al Jonathan Armando Cardona de León, quien según la parte apelada tenía la posesión y control del vehículo al momento de la ocupación, a Reliable Financial Services Inc., y a Popular Auto. Estas eran las partes que surgían del récord del vehículo como partes con interés al momento de la confiscación. Respecto a la alegación de que notificó a una dirección incorrecta al Sr. Jonathan Armando Cardona de León, la documentación provista por la parte apelante, en específico el Título de Propiedad del vehículo, el cual fue generado posteriormente a la ocupación del vehículo por haberse tramitado la inscripción del gravamen con posterioridad a la actuación gubernamental, refleja que la dirección utilizada por la Junta en la su notificación es similar a la reflejada en el Título de Propiedad, lo que evidencia que la Junta notificó a una dirección

---

[5] Véase págs. 26-27 del Apéndice.

razonable, y que debió haber sido provista por el propio señor Cardona de León como su dirección de contacto durante el proceso de intervención con él y la consiguiente ocupación del vehículo.[6]

Así, considerada la totalidad de las circunstancias y cónsono con lo aquí expuesto, confirmamos el dictamen del foro recurrido y resolvemos que no cometió el error alegado por la parte apelante.

-IV-

Por los fundamentos anteriormente expuestos se confirma la Sentencia apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos concurre con la determinación de confirmar la sentencia apelada, consignando lo siguiente. La parte demandante sí tiene legitimación activa para demandar porque, al momento de presentarse la demanda, tenía inscrito el gravamen pertinente. No obstante, la notificación de la confiscación fue conforme a derecho porque, al realizarse, la parte demandante no tenía inscrito su gravamen. Por tanto, el término para demandar comenzó a transcurrir al notificarse la confiscación y, al haberse presentado la acción de referencia luego de expirado el mismo, procedía la desestimación de la demanda.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Íd., págs. 30 y 45.