Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO Y POPULAR AUTO, LLC  Apelados  V.  ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS  Apelantes | KLAN202500073 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina  Caso Núm.: CA2023CV01035  Sobre: Impugnación de confiscación |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

**-I-**

Comparece el Estado Libre Asociado de Puerto Rico por conducto de la Oficina del Procurador General de Puerto Rico (OPG o la parte apelante) y solicita que revoquemos una *Sentencia* emitida y notificada el 30 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] Mediante la referida determinación, el Foro Primario acogió cierta *Solicitud de Sentencia Sumaria[2]* presentada por la parte demandante, Popular Auto (en adelante Popular Auto o la parte apelada), y en consecuencia, declaró Ha Lugar la *Demanda* sobre impugnación de confiscación de un vehículo de motor presentada el 5 de abril de 2023 por la parte apelante junto a la Cooperativa de Seguros Múltiples de Puerto Rico.[3]

---

[1] Véase Apéndice del recurso, Anejo 1, págs. 1-22.
[2] *Íd.*, Anejo12, págs.151-168.
[3] *Íd.*, Anejo 6, págs. 86-95. De otra parte, debemos señalar que mediante Sentencia Parcial de 23 de junio de 2023, el TPI acogió la solicitud de desistimiento voluntario formulada por la Cooperativa de Seguros Múltiples. Véase pág. 150 del apéndice del recurso.

Por los fundamentos que se exponen a continuación, se revoca la *Sentencia* apelada.

El 20 de febrero de 2023 la Policía de Puerto Rico ocupó un vehículo de motor marca Nissan, modelo Máxima, del año 2017, tablilla JCM-640, registrado a nombre del Sr. Alberto Manuel Bombalier, quien tenía la posesión física del auto al momento de los hechos que motivaron la actuación policiaca. Ello, luego de que dicho vehículo fuera utilizado, en la fecha antes indicada, mientras se infringía lo dispuesto en el Artículo 215 del Código Penal de Puerto Rico, Ley Núm. 146 - 2012, según enmendada, 33 LPRA sec. 5285.[4]

Como consecuencia de lo anterior, se emitió la correspondiente *Orden de Confiscación,* siendo tasado el vehículo el 13 de marzo de 2023 en $18,000.00. Así las cosas, el 14 de marzo de 2022 se cursó la notificación de la referida acción gubernamental a Popular Auto LLC, entidad en cuyo beneficio consta inscrito un gravamen ante el Departamento de Transportación y Obras Públicas como acreedor que financió el contrato de venta a plazos mediante el cual el Sr. Alberto Manuel Bombalier adquirió el vehículo objeto de la confiscación impugnada.

El 5 de abril de 2023 Popular Auto LLC y la Cooperativa de Seguros Múltiples de Puerto Rico presentaron su *Demanda* sobre impugnación de confiscación.[5] En la referida *Demanda* se solicitó al Foro Primario que decretase la nulidad e invalidez de la confiscación y

---

[4] La referida disposición legal tipifica como delito la falsificación de licencias, certificados y otra documentación:

> Toda persona que con el propósito de defraudar haga, altere, falsifique, imite, circule, pase, publique o posea como genuino cualquier licencia, certificado, diploma, expediente, récord u otro documento de naturaleza análoga que debe ser expedido por un funcionario o empleado del Estado Libre Asociado de Puerto Rico, o por cualquier institución privada autorizada para expedirlo a sabiendas de que el mismo es falso, alterado, falsificado o imitado, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000).

[5] Apéndice del recurso, Anejo VI, págs. 86-95. Sobre la Cooperativa de Seguros Múltiples, véase nota al calce 3.

que también ordenase a la parte demandada al pago de costas, gastos y honorarios de abogado a favor de los demandantes. Por su parte, el 9 de mayo de 2023 el Estado Libre Asociado de Puerto Rico presentó su *Contestación a la Demanda* en la que, en síntesis, defendió la confiscación impugnada y solicitó que se declarase sin lugar la misma.[6]

Luego de varios trámites que resulta innecesario pormenorizar aquí, el 16 de enero de 2024 la parte apelada presentó su *Solicitud de Sentencia Sumaria.*[7] En la misma, además de presentar su propuesta de hechos materiales que consideró que no estaban en controversia, Popular Auto argumentó que al caso ante la consideración del TPI le era de aplicación la doctrina de tercero inocente. Ello, pues según sostuvo, era un acreedor con un interés económico y propietario sobre el vehículo confiscado y nunca brindó su consentimiento, expreso o implícito, a que se condujera el automóvil mientras se incurría en actividades delictivas. Añadió que como acreedora no estuvo directamente involucrada en la actividad delictiva que motivó la confiscación.

Transcurrido el término concedido al Estado para replicar a la la *Solicitud de Sentencia Sumaria,* sin que dicha parte así lo hiciera, el 30 de septiembre de 2024 el TPI dictó la Sentencia apelada. En la misma, tras formular catorce (14) determinaciones de hecho que consideró no controvertidos, el Foro Primario declaró Ha Lugar la moción presentada por la parte apelada al considerar que era de aplicación la doctrina del tercero inocente.[8] En consecuencia, declaró Con Lugar la *Demanda* sobre impugnación de confiscación y ordenó la devolución del vehículo en cuestión así como la fianza prestada por Popular Auto.[9]

---

[6] *Íd.*, Anejo IX, págs. 127-135.
[7] *Íd.*, Anejo XII, págs. 151-168.
[8] *Íd.*, Anejo 1, págs. 3-6.
[9] *Íd.*, pág. 22.

Insatisfecho con lo anterior, el 15 de octubre de 2024 el Estado presentó una *Moción de Reconsideración*.[10] En síntesis, en la referida comparecencia se argumentó que haber resuelto el caso bajo la doctrina jurisprudencial del tercero inocente era improcedente en derecho. Además, alegó que el caso no debió ser resuelto por la vía sumaria, ante la necesidad de que sopesaran los hechos del mismo. Sobre el particular, sostuvo que era necesaria la celebración de una vista evidenciaría a fin de brindarle oportunidad al Estado de contrainterrogar a la Sra. Yelena González Sierra, persona cuya declaración jurada formó parte de la prueba considerada por el TPI para formular sus determinaciones de hecho y que según dicha parte no tenía conocimiento personal de los hechos ni estuvo presente al momento de otorgarse el contrato de venta al por menor por plazos.[11]

Tras considerar dicha moción, así como la *Oposición A Solicitud de Reconsideración*, presentada el 11 de noviembre de 2024 por la parte apelada, el 27 de noviembre de 2024, notificada el 2 de diciembre de 2024, el TPI declaró No Ha Lugar la solicitud de reconsideración instada por la parte apelante. Específicamente, en la referida determinación se consignó:

> Evaluada la solicitud de reconsideración se declara No ha lugar.
>
> Las determinaciones de hechos encuentran su fundamento en las Cláusulas y condiciones del contrato de ventas al por menor a plazos suscrito el 28 de marzo de 2021.

Todavía inconforme, el 31 de enero de 2025 el Estado presentó la *Apelación* de epígrafe. En la misma, la parte apelante solicitó que revocáramos la *Sentencia* del Foro Primario y que devolviésemos el

---

[10] *Íd.*, Anejo II, págs. 23-39

[11] Conforme a la referida declaración jurada, la señora González Sierra trabaja para Popular Auto LLC, como representante de servicio al cliente del Departamento de Seguros. La declarante afirmó que, como parte de las funciones esenciales de su puesto, era la persona encargada de manejar las impugnaciones de confiscaciones de vehículos financiados por Popular Auto, y como tal, estaba autorizada a comparecer a nombre de dicha entidad para todo propósito pertinente a la impugnación ante consideración del TPI. Véase Apéndice del recurso, Anejo XII, págs. 169-174.

caso al TPI. En su comparecencia, el Estado atribuyó al Foro Primario la comisión del siguiente error:

> El Tribunal de Primera Instancia incidió al resolver sumariamente la demanda de Popular Auto, tras reconocer de manera automática la defensa de tercero inocente a su favor, basándose en una cláusula contractual de naturaleza general de cumplimiento legal que carece de la especificidad exigida en la doctrina.

En su comparecencia, la OPG planteó que la parte apelada incumplió con su obligación de demostrar la aplicabilidad de la doctrina de tercero inocente y, por tanto, no procedía que se dictase sentencia por la vía sumaria. Ello al sostener que la cláusula del contrato de compraventa esgrimida como base para utilización de la referida doctrina es insuficiente de por sí para invocar exitosamente la referida defensa. Como consecuencia de lo anterior, concluyó que Popular Auto no demostró que aplicaba la defensa del tercero inocente ni derrotó la presunción de legalidad de la confiscación efectuada, por lo que procedí la revocación de la *Sentencia* apelada.

Por su parte, el 12 de febrero de 2025, Popular Auto presentó su *Alegato en Oposición a Apelación.* En el mismo, argumentó que no existía una controversia real sobre los hechos materiales del caso, y que debido a el Estado no se opuso a la medida dispositiva presentada para adjudicación por la vía sumaria, dicha parte no pudo evidenciar la inaplicabilidad de la defensa de tercero inocente. Así las cosas, la parte apelada sostuvo que una evaluación de la solicitud de sentencia sumaria nos debe llevar a confirmar la *Sentencia* apelada, pues es tercero inocente ajeno a los hechos que dieron paso a la confiscación.

Resolvemos.

-II-

-A-

**Sentencia Sumaria**

La sentencia sumaria es un mecanismo procesal que permite que un caso se disponga ágilmente, sin la celebración de un juicio,

siempre que no se presenten controversias genuinas de hechos materiales. *Cruz Cruz v. Casa Bella y otros*, 213 DPR 980, 993 (2024); *Birriel Colón v. Supermercado Los Colobos*, 213 DPR 80, 90 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021). A esos efectos, un hecho material es uno esencial y pertinente, que puede afectar el resultado de la reclamación conforme al derecho sustantivo aplicable. *Cruz Cruz v. Casa Bella y otros*, *supra*; *Banco Popular v. Posada*, 2024 TSPR 62, 213 DPR ___ (2024); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010); véase, además, Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Además, la controversia sobre el hecho material debe ser real. *Ramos Pérez v. Univisión, supra*. En otras palabras, debe ser de calidad suficiente para que el juzgador dirima por virtud de un juicio plenario. *Íd.*

Cónsono con lo anterior, la Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3 (e), establece que procede dictar una moción de sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas u otra evidencia demuestran que no existe una controversia real sustancial en torno a un hecho esencial y pertinente. Véase, además, *Birriel Colón v. Supermercado Los Colobos, supra*; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 430 (2013).

Por otra parte, la parte que se opone a la solicitud de sentencia sumaria deberá refutar los hechos materiales que entienda están en disputa con evidencia sustancial. *Birriel Colón v. Supermercado Los Colobos, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*, págs. 336-337. Claro está, si la petición de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte promovida no puede descansar en meras alegaciones, sino que deberá contestar de una forma tan detallada y específica como lo haya hecho

la parte promovente. *Birriel Colón v. Supermercado Los Colobos, supra; Ramos Pérez v. Univisión, supra,* pág. 215; Regla 36.3 (c) de Procedimiento Civil, *supra,* R. 36.3 (c). De lo anterior, incluso si no se presenta prueba para controvertir la evidencia presentada, ello no conduce a la concesión automática de una solicitud de sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos, supra; SLG Fernández-Bernal v. RAD-MAN et al., supra,* pág. 337.

Ahora bien, no es aconsejable dictar sentencia sumaria cuando existe controversia sobre asuntos de credibilidad o sobre aspectos subjetivos como la intención, el propósito mental o la negligencia. *Cruz Cruz v. Casa Bella y otros, supra; Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 278 (2021).

Asimismo, es importante resaltar que el principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento, ya que mal utilizada puede prestarse para privar a un litigante de su 'día en corte', principio elemental del debido proceso de ley." *Mun. de Añasco v. ASES et al.,* 188 DPR 307, 327-328 (2013).

Finalmente, nuestro Tribunal Supremo estableció en *Meléndez González et al. v. M. Cuebas, supra,* el estándar específico que este Tribunal de Apelaciones debe seguir al revisar denegatorias o concesiones de solicitudes de sentencia sumaria.

Primero, nos encontramos en la misma posición que el foro primario al momento de revisar las mociones de sentencia sumaria. *Íd.,* pág. 118. En otras palabras, se aplicarán los mismos criterios que la Regla 36 de Procedimiento Civil, *supra,* R. 36, le exige al foro *a quo.* Así pues, este Tribunal está llamado a llevar a cabo una revisión *de novo.* Sin embargo, no podemos considerar evidencia que las partes no presentaron ante el TPI, y debemos examinar el expediente de la forma más favorable hacia la parte opositora de la moción de sentencia

sumaria, realizando todas las inferencias permisibles a su favor. *Meléndez González et al. v. M. Cuebas, supra,* pág. 116.

Segundo, al encontrarnos en la misma posición que el foro de instancia, debemos revisar que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de Procedimiento Civil, *supra,* y los discutidos en el caso de *SLG Zapata-Rivera v. JF Montalvo, supra; Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

Tercero, este Tribunal debe revisar si en realidad existen hechos materiales en controversia. *Íd.* De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, *supra,* R. 36.4, y exponer cuáles son los hechos materiales que están en controversia y cuáles son incontrovertidos. *Meléndez González et al. v. M. Cuebas, supra.*

Cuarto y último, si este Tribunal determina que no existen hechos materiales en controversia, entonces procederemos a revisar si el TPI aplicó correctamente el derecho. *Íd.,* pág. 119.

**-B-**

**Ley Uniforme de Confiscaciones**

A través de la confiscación se le confiere al Gobierno el título aquellos bienes utilizados para fines ilícitos al amparo de cualquier estatuto que así lo autorice. *Ley Uniforme de Confiscaciones de 2011,* según enmendada, Ley Núm. 119-2011, 34 LPRA sec. 1724 f (en adelante, *Ley de Confiscaciones*). En otras palabras, la confiscación es el acto mediante el cual el Estado se adjudica bienes que han sido utilizados para la comisión de determinados delitos. *Reliable Financial v. ELA,* 197 DPR 289, 296 (2017); *Reliable v. Depto. de Justicia y Otros,* 195 DPR 917, 924 (2016); véase también, *Doble Seis Sport TV v. Depto. Hacienda,* 190 DPR 763 (2014); *Rodríguez Ramos v. ELA,* 174 DPR 194, 202 (2008). En nuestra jurisdicción, el proceso de confiscación está regulado por la *Ley de Confiscaciones, supra,* la cual establece en

su Artículo 2, como política pública del Estado Libre Asociado de Puerto Rico "el crear mecanismos que faciliten y agilicen el proceso de confiscación de bienes muebles e inmuebles." 34 LPRA sec. 1724 nota.

El proceso de confiscación es civil y de naturaleza *in rem* y va dirigido contra la propia cosa[,] la cual, por ficción legal, se considera la ofensora, y no contra su dueño, poseedor o encargado, o la persona con interés. *Reliable Financial v. ELA, supra*, págs. 296–297; *Doble Seis Sport v. Depto. Hacienda, supra*, pág. 787; véanse, además: Exposición de Motivos y el Art. 8 de la *Ley de Confiscaciones, supra*, 34 LPRA sec. 1724e. La referida Ley también reafirma que esta acción es independiente de cualquier acción de naturaleza penal, administrativa u otra naturaleza. 34 LPRA sec. 1724e.

Sobre la naturaleza civil del proceso confiscatorio, nuestro Tribunal Supremo ha expresado que, "[i]ndependientemente de la naturaleza civil de la confiscación[,] los estatutos confiscatorios deben interpretarse restrictivamente ya que, a pesar de tratarse de una acción de naturaleza civil, la forma en que es aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste, reflejan un propósito punitivo". *Reliable Financial v. ELA, supra*, pág. 297; *Doble Seis Sport v. Depto. Hacienda, supra*, pág. 789; *Santiago v. Spte. Policía de PR*, 151 DPR 511, 515 (2000).

-C-

**Doctrina de Tercero Inocente**

En el contexto de los casos de impugnación de confiscación, la doctrina de tercero inocente surge como una protección al propietario o al tenedor de un interés económico en el vehículo en aquellas situaciones en que éstos no han puesto el vehículo en posición del infractor voluntariamente, o cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad o comisión del delito. *Flores Pérez v. ELA,* 195 DPR 137 (2016). La

aplicabilidad de ambos supuestos, es objeto de prueba que debe ser dilucidada ante el tribunal. Así las cosas, de acuerdo con la doctrina establecida el Tribunal Supremo "ante un acto de confiscación, el dueño del bien confiscado, así como el tenedor de interés legal o económico de dicho bien, son considerados terceros inocentes en aquellas instancias en que estos no hayan puesto de manera voluntaria el bien en posesión del infractor o que hayan tomado medidas cautelares par[a] prevenir el uso ilegal de la propiedad en la comisión de delito." Informe Positivo sobre P. de la C. 3677, Comisión de lo Jurídico, Cámara de Representantes de Puerto Rico, 30 de marzo de 2011, 7ma Sesión Ordinaria, 16ta Asamblea Legislativa, pág. 4. Véase, Exposición de Motivos de la Ley Núm. 262-2012.

**-III-**

En el presente caso, la OPG planteó que el TPI erró al declarar con lugar la *Solicitud de Sentencia Sumaria* presentada por Popular Auto. Como fundamento de su solicitud arguyó que no era correcto el que se dispusiese del caso por la vía sumaria amparándose en la doctrina de tercero inocente. Añadió que en este caso era necesario que sopesaran los hechos del caso, para lo cual sostuvo que era necesaria la celebración de una vista evidenciaria a fin de brindarle oportunidad al Estado de contrainterrogar a la Sra. Yelena González Sierra, persona cuya declaración jurada formó parte de la prueba considerada por el TPI para formular sus determinaciones de hecho y que según la OPG no tenía conocimiento personal de los hechos ni estuvo presente al momento de otorgarse el contrato de venta al por menor por plazos otorgado en el presente caso.

Como adelantáramos, nos corresponde revisar *de novo* tanto la solicitud de sentencia sumaria presentada por Popular Auto como la Oposición. Tras no existir controversia de cumplimiento con los requisitos de la Regla 36 de Procedimiento Civil, *supra*, R. 36,

procedemos a revisar si en este caso realmente existían hechos materiales en controversia.

Tras un análisis sosegado y exhaustivo del expediente ante nos, consideramos que los hechos 1 al 10, así como los 13 y 14 consignados por el TPI en su *Sentencia* cuentan con base en la documentación sometida junto a la *Moción de Sentencia Sumaria* presentada por la apelada, por lo que concluimos que los mismos fueron correctamente adoptados.[12] Ahora bien, consideramos que los hechos número 11 y 12, y las conclusiones que de ellos dimanaron, no podían ser adjudicados y determinados por la vía sumaria.[13]

Lo anterior debido a que, tal y como señala la OPG en su alegato, la documentación presentada por la Popular Auto no permite establecer que no hubiera puesto voluntariamente el vehículo en manos del Sr. Alberto Manuel Bombalier, sino más bien apunta a todo lo contrario. En segundo lugar, nos parece que el descansar en el lenguaje general de una cláusula contractual como el del contrato que nos ocupa, sin más, para brindar la protección de la doctrina del tercero inocente, sin que se pase prueba de cuáles fueron las medidas cautelares y cómo se impartieron las instrucciones, en este caso particular al señor Bombalier, significaría en la práctica, la inutilización del mecanismo de confiscación dispuesto en nuestro ordenamiento como herramienta en la lucha contra el delito en nuestro País.[14] Considerada la totalidad del expediente, concluimos

---

[12] Véase págs. 3-6 del Apéndice del recurso.

[13] Determinación de hecho núm. 11: Popular Auto tomó medidas cautelares expresas para evitar el uso ilegal del referido vehículo de motor con el propósito de precaver el uso ilegal de la propiedad, entiéndase la comisión de un delito. En particular, el contrato de venta al por menor a plazos señala que el dueño del vehículo se obliga "a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso". Popular Auto implementó medidas para prevenir la actividad delictiva y el/la infractor(a) actuó de manera contraria apartándose de las instrucciones del acreedor que es un tercero inocente con interés financiero y económico.
Determinación de hecho núm. 12: El dueño registral y/o la persona imputada de delito se apartó sustancialmente de las medidas cautelares y de las instrucciones particulares expresadas por Popular Auto en el contrato de venta al por menor a plazos, por tanto, Popular Auto se considera un Tercero Inocente protegido contra la confiscación, según se ha reconocido jurisprudencialmente.

[14] En particular, la cláusula dispone: Usted se obliga a conservar el Vehículo en perfecta condición, con la excepción del desgaste natural y a cumplir con todas

que resulta necesario que se desfile prueba para determinar la configuración de los elementos necesarios para la aplicabilidad de la doctrina del tercero inocente, entre estos cuales medidas cautelares y cómo se impartieron las mismas por la parte apelada previo la entrega del vehículo al señor Bombalier antes que este alegadamente incurriera en la conducta delictiva que motivó la confiscación impugnada. Una vez efectuado ese ejercicio, entonces podrá determinarse adecuadamente si le aplica la doctrina del tercero inocente invocada por la parte apelada.

**-IV-**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada y se devuelve el asunto al Foro Primario para la continuación de los procedimientos de manera consistente con lo aquí dispuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso. Véase pág. 106 del Apéndice del recurso.